1   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
2   MORRISON & FOERSTER LLP
    425 Market Street
3   San Francisco, California  94105-2482
    Telephone: 415.268.7000
4
    Attorneys for Plaintiffs
5   RAUL BARAJAS
    ELVA BARAJAS
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  RAUL BARAJAS and                    Case No.
    ELVA BARAJAS
13                                       **COMPLAINT FOR VIOLATION
                    Plaintiffs,          OF SECTION 1983; FOURTH
14                                       AMENDMENT TO THE UNITED
            v.                           STATES CONSTITUTION;
15                                       ILLEGAL SEARCH**
    CITY OF RHONERT PARK, a municipal
16  corporation; and DOES 1 through 10,  **[JURY TRIAL DEMANDED]**

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
CASE NO. ___
sf-3479625

**INTRODUCTION**

1. Raul and Elva Barajas ("Plaintiffs") are residents of Rhonert Park, California. On November 4, 2014, two Rhonert Park Police Department officers illegally entered and searched their residence without consent or a warrant. Furthermore, the police lacked exigent circumstances that would have permitted their entrance without consent or a warrant.  This was only the latest in a series of unlawful and harassing actions by these police officers directed at the Barajas family.  On two prior occasions, these same officers have beaten and used a taser on the Barajas' son, Edgar Perez.  Raul and Elva Barajas file this lawsuit seeking to protect their family, to recover damages for the illegal search of their home, for the stress that the pattern of harassment has caused them, and for injunctive relief that will prevent Defendant's officers from entering their home without legal cause.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1983.

3. Venue is proper in the Northern District of California, under 28 U.S.C. § 1391(b), in that the events giving rise to Raul and Elva's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiffs are Raul Barajas and Elva Barajas, a married couple.

5. The named Defendant in this case is the City of Rhonert Park, a municipal corporation.  Because Plaintiffs do not know the names of the officers who entered their home and who beat their son, those officers are sued as Doe Defendants.

6. Plaintiff is informed and believes that at all times mentioned in this complaint, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant.  Plaintiff is informed and believes that, in doing the things complained of, each and every defendant was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to Plaintiff for the damages alleged in this complaint.

**GENERAL ALLEGATIONS**

7.      On November 4, 2014, at around 5:00 p.m., Raul and Elva were at home when two members of the Rhonert Park Police Department arrived and knocked on their door.  An officer entered the front door without consent.  Also, before informing the family of the reason for being there, another officer entered the home through the rear sliding door, without consent.

8.      These same officers had been to the Barajas home on at least two prior occasions, both times inflicting serious bodily injury upon the Barajas' son, Edgar Perez.  There was no lawful cause for using excessive force upon Edgar, and there was no lawful cause for entering the Barajas home without advising the family of their reason for being at the home.

9.      After the officers had entered the home, they searched the home, indicating that they were looking for Edgar Perez.  When the parents protested, the officers told them that they could enter the home whenever they wanted to.  Upon information and belief, the officers were acting consistently with the pattern and practice of the Rohnert Park Police Department.  The officers also appear to have been improperly trained with respect to the restrictions upon entering a private residence without consent.

10.     As a direct and proximate result of the acts, omissions, policies, and practices of the defendants, Raul and Elva suffered a violation of their civil liberties.

11.     At all times and in all actions mentioned in this complaint, the defendants were acting under color of law, under color of their authority, and within the scope of their employment with the Rhonert Park Police Department.

12.     The individual defendants' conduct was willful, wanton, malicious, oppressive, and in bad faith.  The defendants also acted in reckless or callous disregard for Raul and Elva's rights, and intentionally violated state and federal law.  Raul and Elva are thus entitled to an award of punitive damages against the individual Defendants.

**CAUSE OF ACTION**

**(Fourth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983)**

13.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 7 through 12 of this complaint.

14. The defendants committed an illegal search at the household of Raul Barajas and Elva Barajas in violation of the Fourth Amendment.

15. The foregoing violation of Raul and Elva's constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of the City of Rhonert Park Police Department. Plaintiff is informed and believes that the City has sanctioned and ratified its police officers' actions to conduct unlawful searches, including in this case; failed to train and supervise its officers properly to ensure they only conduct searches under the color of the law; and acted with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations.

16. These violations are compensable pursuant to 42 U.S.C. § 1983. As a result of the defendants' conduct, Raul Barajas and Elva Barajas have suffered through the deprivation of their civil liberties. The conduct of Defendants has caused Plaintiffs and their family to fear law enforcement, and has caused them to suffer emotional and physical distress.

**PRAYER**

17. Plaintiff prays for judgment against all defendants, and against each of them, as follows:

    a. For general damages against all defendants, jointly and severally, in an amount to be proven at trial;

    b. For punitive and exemplary damages in an amount to be proven at trial;

    c. For attorneys' fees under 42 U.S.C. § 198;

    d. For costs of suit; and

    e. For whatever further relief, including injunctive relief, as may be just and proper.

1

**JURY DEMAND**

2        18.    Plaintiff hereby demands a trial by jury on any and all issues triable by a jury.

3

Dated: November 21, 2014                    ARTURO J. GONZÁLEZ
4                                           MORRISON & FOERSTER LLP

5

6                                           By:   */s/ Arturo J. González*_____
                                                  ARTURO J. GONZÁLEZ
7

                                            Attorneys for Plaintiffs
8                                           RAUL BARAJAS,
                                            ELVA BARAJAS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28