1   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
2   ANTONIO L. INGRAM II (CA SBN 300528)
    AIngram@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5
    Attorneys for Plaintiffs
6   RAUL BARAJAS
    ELVA BARAJAS
7

8                   UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12   RAUL BARAJAS and                    Case No.   3:14-cv-05157 MEJ
     ELVA BARAJAS
13                                        **FIRST AMENDED COMPLAINT
                 Plaintiffs,              FOR VIOLATION OF SECTION
14                                        1983; FOURTH AMENDMENT
          v.                              TO THE UNITED STATES
15                                        CONSTITUTION; ARTICLE
     CITY OF ROHNERT PARK, a municipal    ONE, SECTION THIRTEEN OF
16   corporation; and DOES 1 through 10,  THE CALIFORNIA
                                          CONSTITUTION; ILLEGAL
17               Defendants.              SEARCH; NEGLIGENCE;
                                          ASSAULT; INVASION OF
18                                        PRIVACY**

19                                        **[JURY TRIAL DEMANDED]**

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT
CASE NO. 3:14-cv-05157 MEJ
sf-3490062

## INTRODUCTION

1.      Raul and Elva Barajas ("Plaintiffs") are residents of Rohnert Park, California. On November 4, 2014, two Rohnert Park Police Department officers illegally entered and searched their residence without consent or a warrant. Furthermore, the police lacked exigent circumstances that would have permitted their entrance without consent or a warrant.  This was only the latest in a series of unlawful and harassing actions by these police officers directed at the Barajas family.  On two prior occasions, these same officers have beaten and used a taser on the Barajas' son, Edgar Perez.  Raul and Elva Barajas file this lawsuit seeking to protect their family, to recover damages for the illegal search of their home, for the stress that the pattern of harassment has caused them, and for injunctive relief that will prevent Defendant's officers from entering their home without legal cause.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1983.

3.      Venue is proper in the Northern District of California, under 28 U.S.C. § 1391(b), in that the events giving rise to Raul and Elva's claims occurred in this judicial district.

## THE PARTIES

4.      Plaintiffs are Raul Barajas and Elva Barajas, a married couple.

5.      The named Defendant in this case is the City of Rohnert Park, a municipal corporation.  Because Plaintiffs do not know the names of the officers who entered their home and who beat their son, those officers are sued as Doe Defendants.

6.      Plaintiff is informed and believes that at all times mentioned in this complaint, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant.  Plaintiff is informed and believes that, in doing the things complained of, each and every defendant was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to Plaintiff for the damages alleged in this complaint.

## GENERAL ALLEGATIONS

7.     On November 4, 2014, at around 5:00 p.m., Raul and Elva were at home when two members of the Rohnert Park Police Department arrived and knocked on their door.  An officer entered the front door without consent.  Also, before informing the family of the reason for being there, another officer entered the home through the rear sliding door, without consent.

8.     These same officers had been to the Barajas home on at least two prior occasions, both times inflicting serious bodily injury upon the Barajas' son, Edgar Perez.  There was no lawful cause for using excessive force upon Edgar, and there was no lawful cause for entering the Barajas home without advising the family of their reason for being at the home.

9.     After the officers had entered the home, they searched the home, indicating that they were looking for Edgar Perez.  When the parents protested, the officers told them that they could enter the home whenever they wanted to.  Upon information and belief, the officers were acting consistently with the pattern and practice of the Rohnert Park Police Department.  The officers also appear to have been improperly trained with respect to the restrictions upon entering a private residence without consent.

10.     As a direct and proximate result of the acts, omissions, policies, and practices of the defendants, Raul and Elva suffered a violation of their civil liberties.

11.     At all times and in all actions mentioned in this complaint, the defendants were acting under color of law, under color of their authority, and within the scope of their employment with the Rohnert Park Police Department.

12.     The individual defendants' conduct was willful, wanton, malicious, oppressive, and in bad faith.  The defendants also acted in reckless or callous disregard for Raul and Elva's rights, and intentionally violated state and federal law.  Raul and Elva are thus entitled to an award of punitive damages against the individual Defendants.

## ADMINISTRATIVE PROCEEDINGS

13.     Pursuant to California Government Code §§ 910 *et seq.*, Plaintiff timely filed a claim with the City of Rohnert Park on November 21, 2014.  The City of Rohnert Park filed their answer to the claim on December 23, 2014, denying all of plaintiff's allegations.  Plaintiffs have

1 complied with the claim filing prerequisites of the California Government Claims Act.

2 **FIRST CAUSE OF ACTION**

3 **(Fourth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983)**

4      14.    Plaintiff re-alleges and incorporates by reference each and every allegation

5 contained in paragraphs 7 through 12 of this complaint.

6      15.    The defendants committed an illegal search at the household of Raul Barajas and

7 Elva Barajas in violation of the Fourth Amendment.

8      16.    The foregoing violation of Raul and Elva's constitutional rights occurred as the

9 result of the deliberate, reckless, and malicious acts, omissions, and practices of the City of

10 Rhonert Park Police Department. Plaintiff is informed and believes that the City has sanctioned

11 and ratified its police officers' actions to conduct unlawful searches, including in this case; failed

12 to train and supervise its officers properly to ensure they only conduct searches under the color of

13 the law; and acted with deliberate indifference in failing to properly train its officers or to adopt

14 policies necessary to prevent such constitutional violations.

15      17.    These violations are compensable pursuant to 42 U.S.C. § 1983.  As a result of the

16 defendants' conduct, Raul Barajas and Elva Barajas have suffered through the deprivation of their

17 civil liberties.  The conduct of Defendants has caused Plaintiffs and their family to fear law

18 enforcement, and has caused them to suffer emotional and physical distress.

19 **SECOND CAUSE OF ACTION**

20 **(Unreasonable Search and Seizure, First Article to the California Constitution, Section 13.)**

21      18.    Plaintiff re-alleges and incorporates by reference each and every allegation

22 contained in paragraphs 7 through 12 of this complaint.

23      19.    The defendants committed an illegal search at the household of Raul Barajas and

24 Elva Barajas in violation of section 13 of the First Article to the California Constitution.

25      20.    The foregoing violation of Raul and Elva's California constitutional rights

26 occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of

27 the City of Rhonert Park Police Department. Plaintiff is informed and believes that the City has

28 sanctioned and ratified its police officers' actions to conduct unlawful searches, including in this

1  case; failed to train and supervise its officers properly to ensure they only conduct searches under

2  the color of the law; and acted with deliberate indifference in failing to properly train its officers

3  or to adopt policies necessary to prevent such constitutional violations.

4  <center>**THIRD CAUSE OF ACTION**</center>

5  <center>**(Negligence)**</center>

6  21.   Plaintiff re-alleges and incorporates by reference each and every allegation

7  contained in paragraphs 7 through 12 of this complaint.

8  22.   The individual Defendants had a legal duty to use due care, a duty they owed to

9  Raul Barajas and Elva Barajas.

10  23.   The individual Defendants breached this duty by illegally entering and searching

11  the Barajas residence. No reasonable officer would have thought it proper to enter into the

12  backdoor of someone's home without a search warrant or exigent circumstances.

13  24.   As a proximate and direct result of Defendant's actions, Raul and Elva Barajas

14  suffered a deprivation of their constitutional civil liberties, and emotional distress.

15  <center>**FOURTH CAUSE OF ACTION**</center>

16  <center>**(Assault)**</center>

17  25.   Plaintiff re-alleges and incorporates by reference each and every allegation

18  contained in paragraphs 7 through 12 of this complaint.

19  26.   The individual Defendants caused unreasonable apprehension of harmful or

20  offensive contact when the officers entered without a search warrant or exigent circumstances,

21  and caused the family stress and emotional harm.

22  27.   Plaintiffs did not at any time consent to the officer's request to enter the residence.

23  <center>**FIFTH CASE OF ACTION**</center>

24  <center>**(Invasion of Privacy, First Article to the California Constitution, Section 1.)**</center>

25  28.   Plaintiff re-alleges and incorporates by reference each and every allegation

26  contained in paragraphs 7 through 12 of this complaint.

27  29.   The individual defendants entered into the private home of Mr. and Mrs. Barajas

28  and violated their right to privacy, and caused them stress and emotional harm.

30.    The California state constitution gives each citizen an inalienable right to pursue and obtain privacy.

31.    Plaintiffs did not at any time consent to the intrusion of the officers into their private residence and violated both their common law and constitutional rights to privacy.

## SIXTH CASE OF ACTION

### (Declaratory and Injunctive Relief)

32.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 7 through 12 of this complaint.

33.    There is a real and significant possibility that Defendants will repeat their misconduct (or that they have committed similar acts in the past).  To prevent Plaintiffs and other families from being deprived of their Fourth Amendment rights, and of their rights under the California Constitution and California state law, Plaintiffs request that this Court declare that Defendants' acts were unlawful as a matter of law, and that Defendants cannot enter Plaintiffs' home without probable cause or exigent circumstances, neither of which were present here.

## PRAYER

34.    Plaintiff prays for judgment against all defendants, and against each of them, as follows:

    a.   For general damages against all defendants, jointly and severally, in an amount to be proven at trial;

    b.   For punitive and exemplary damages in an amount to be proven at trial;

    c.   For attorneys' fees under 42 U.S.C. § 1988;

    d.   For costs of suit; and

    e.   For whatever further relief, including injunctive relief, as may be just and proper.

1

## JURY DEMAND

2          29.    Plaintiff hereby demands a trial by jury on any and all issues triable by a jury.

3

4    Dated: January 12, 2015                    ARTURO J. GONZÁLEZ
                                                 ANTONIO L. INGRAM II
5                                                MORRISON & FOERSTER LLP

6

7                                         By:   /s/ Arturo J. González
                                                 ARTURO J. GONZÁLEZ

8                                                Attorneys for Plaintiffs
                                                 RAUL BARAJAS,
9                                                ELVA BARAJAS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28