| | |
|---|---|
| 1 | ARTURO J. GONZÁLEZ (CA SBN 121490) |
| | AGonzalez@mofo.com |
| 2 | ANTONIO L. INGRAM II (CA SBN 300528) |
| | AIngram@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, California  94105-2482 |
| | Telephone: 415.268.7000 |
| 5 | |
| | Attorneys for Plaintiffs |
| 6 | RAUL BARAJAS |
| | ELVA BARAJAS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS,  Plaintiffs,  v.  CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIQUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department,  Defendants. | Case No.   3:14-cv-05157 MEJ  **SECOND AMENDED COMPLAINT FOR VIOLATION OF SECTION 1983; FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION; ARTICLE ONE, SECTION THIRTEEN OF THE CALIFORNIA CONSTITUTION; ILLEGAL SEARCH; NEGLIGENCE; ASSAULT; INVASION OF PRIVACY**  **[JURY TRIAL DEMANDED]** |

**INTRODUCTION**

1. Raul and Elva Barajas ("Plaintiffs") are residents of Rohnert Park, California. On November 4, 2014, two Rohnert Park Police Department officers illegally entered and searched their residence without consent or a warrant. Furthermore, the police lacked exigent circumstances that would have permitted their entrance without consent or a warrant. This was only the latest in a series of unlawful and harassing actions by these police officers directed at the Barajas family. On two prior occasions, these same officers have beaten and used a taser on the Barajas' son, Edgar Perez. Defendants contend their actions were lawful because Plaintiffs' son was on probation. But the probation conditions do not authorize Defendants' unlawful conduct. Raul and Elva Barajas file this lawsuit seeking to protect their family, to recover damages for the illegal search of their home, for the stress that the pattern of harassment has caused them, and for injunctive relief that will prevent Defendants from entering their home without legal cause.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1983.

3. Venue is proper in the Northern District of California, under 28 U.S.C. § 1391(b), in that the events giving rise to Raul and Elva's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiffs are Raul Barajas and Elva Barajas, a married couple.

5. The named Defendants in this case are the City of Rohnert Park (the "City"), a municipal corporation, and Jacy Tatum, David Rodriquez and Matthew Snodgrass, the officers who unlawfully entered and searched the Barajas home.

6. Plaintiff is informed and believes that at all times mentioned in this complaint, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant. Plaintiff is informed and believes that, in doing the things complained of, each and every defendant was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to Plaintiff for the damages alleged in this complaint.

**GENERAL ALLEGATIONS**

7. On November 4, 2014, at around 5:00 p.m., Raul and Elva were at home when two members of the Rohnert Park Police Department arrived and knocked on their door. Before informing the family of their reason for being there, a third officer entered the home through the rear sliding door, without consent, startling Plaintiffs and their children, who were now essentially surrounded, with two officers at the front door and one officer standing behind them in their home. Thereafter, the two offices at the front of the home also entered.

8. At least two of these officers had been to the Barajas home on at least two prior occasions, both times inflicting serious bodily injury upon the Barajas' son, Edgar Perez. There was no lawful cause for using excessive force upon Edgar, and there was no lawful cause for entering the Barajas home without advising the family of their reason for being at the home.

9. After the officers had entered the home, they searched the home, indicating that they were looking for Edgar Perez. When the parents protested, the officers told them that they could enter the home whenever they wanted to. Upon information and belief, the officers were acting consistently with the pattern and practice of the Rohnert Park Police Department. The officers also appear to have been improperly trained with respect to the restrictions upon entering a private residence without consent.

10. As a direct and proximate result of the acts, omissions, policies, and practices of the defendants, Raul and Elva suffered a violation of their civil liberties.

11. At all times and in all actions mentioned in this complaint, the defendants were acting under color of law, under color of their authority, and within the scope of their employment with the Rohnert Park Police Department.

12. The Rohnert Park Police Department contends that the search of the residence constituted lawful conduct given the fact that the plaintiff's son, Edgar Perez, was on probation. Even if that were true, the search was still unlawful given the lack of reasonable suspicion and the denial of an opportunity to consent to the search of the residence prior to entry.

13. The individual defendants' conduct was willful, wanton, malicious, oppressive, and in bad faith. The defendants also acted in reckless or callous disregard for Raul and Elva's

1   rights, and intentionally violated state and federal law.  Raul and Elva are thus entitled to an
2   award of punitive damages against the individual Defendants.

**ADMINISTRATIVE PROCEEDINGS**

14. Pursuant to California Government Code §§ 910 *et seq*., Plaintiffs timely filed a claim with the City of Rohnert Park on November 21, 2014.  The City of Rohnert Park filed their answer to the claim on December 23, 2014, denying all of plaintiff's allegations. Plaintiffs then timely filed the First amended complaint on January 12, 2015.  Plaintiffs have complied with the claim filing prerequisites of the California Government Claims Act.  Having recently learned from defense counsel the names of the officers who entered their home, Plaintiffs are now amending their complaint to add those officers as Defendants.

**FIRST CAUSE OF ACTION**

**(Fourth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983)**

15. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 7 through 14 of this complaint.

16. The defendants committed an illegal search at the household of Raul Barajas and Elva Barajas in violation of the Fourth Amendment.

17. The foregoing violation of Raul and Elva's constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of the City of Rhonert Park Police Department. Plaintiffs are informed and believes that the City has sanctioned and ratified its police officers' actions to conduct unlawful searches, including in this case; failed to train and supervise its officers properly to ensure they only conduct searches under the color of the law; and acted with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations.

18. These violations are compensable pursuant to 42 U.S.C. § 1983.  As a result of the defendants' conduct, Raul Barajas and Elva Barajas have suffered through the deprivation of their civil liberties.  The conduct of Defendants has caused Plaintiffs and their family to fear law enforcement, and has caused them to suffer emotional and physical distress.

## SECOND CAUSE OF ACTION

**(Unreasonable Search and Seizure, First Article to the California Constitution, Section 13.)**

19.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 7 through 14 of this complaint.

20.   The defendants committed an illegal search at the household of Raul Barajas and Elva Barajas in violation of section 13 of the First Article to the California Constitution.

21.   The foregoing violation of Raul and Elva's California constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of the City of Rhonert Park Police Department. Plaintiffs are informed and believes that the City has sanctioned and ratified its police officers' actions to conduct unlawful searches, including in this case; failed to train and supervise its officers properly to ensure they only conduct searches under the color of the law; and acted with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations.

## THIRD CAUSE OF ACTION

**(Negligence)**

22.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 7 through 14 of this complaint.

23.   The individual Defendants had a legal duty to use due care, a duty they owed to Raul Barajas and Elva Barajas.

24.   The individual Defendants breached this duty by illegally entering and searching the Barajas residence. No reasonable officer would have thought it proper to enter into the backdoor of someone's home without a search warrant or exigent circumstances.

25.   As a proximate and direct result of Defendant's actions, Raul and Elva Barajas suffered a deprivation of their constitutional civil liberties, and emotional distress.

## FOURTH CAUSE OF ACTION

**(Assault)**

26.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 7 through 14 of this complaint.

27.     The individual Defendants caused unreasonable apprehension of harmful or offensive contact when the officers entered without a search warrant or exigent circumstances, and caused the family stress and emotional harm.

28.     Plaintiffs did not at any time consent to the officer's request to enter the residence.

### FIFTH CASE OF ACTION

**(Invasion of Privacy, First Article to the California Constitution, Section 1.)**

29.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 7 through 14 of this complaint.

30.     The individual defendants entered into the private home of Mr. and Mrs. Barajas and violated their right to privacy, and caused them stress and emotional harm.

31.     The California state constitution gives each citizen an inalienable right to pursue and obtain privacy.

32.     Plaintiffs did not at any time consent to the intrusion of the officers into their private residence and violated both their common law and constitutional rights to privacy.

### SIXTH CASE OF ACTION

**(Declaratory and Injunctive Relief)**

33.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 7 through 14 of this complaint.

34.     There is a real and significant possibility that Defendants will repeat their misconduct (or that they have committed similar acts in the past).  To prevent Plaintiffs and other families from being deprived of their Fourth Amendment rights, and of their rights under the California Constitution and California state law, Plaintiffs request that this Court declare that Defendants' acts were unlawful as a matter of law, and that Defendants cannot enter Plaintiffs' home without probable cause or exigent circumstances, neither of which were present here.

### PRAYER

35.     Plaintiffs pray for judgment against all defendants, and against each of them, as follows:

   a.   For general damages against all defendants, jointly and severally, in an amount to

SECOND AMENDED COMPLAINT
CASE NO. 3:14-cv-05157 MEJ
sf-3502840

5

1  be proven at trial;

2  b. For punitive and exemplary damages in an amount to be proven at trial;

3  c. For attorneys' fees under 42 U.S.C. § 1988;

4  d. For costs of suit; and

5  e. For whatever further relief, including injunctive relief, as may be just and proper.

**JURY DEMAND**

29. Plaintiffs hereby demand a trial by jury on any and all issues triable by a jury.

Dated: April 28, 2015

ARTURO J. GONZÁLEZ
ANTONIO L. INGRAM II
MORRISON & FOERSTER LLP


By:  *s/ Arturo J. Gonzalez*
     ARTURO J. GONZÁLEZ

Attorneys for Plaintiffs
RAUL BARAJAS,
ELVA BARAJAS