UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BARAJAS, et al., <br>         Plaintiffs, <br>     v. <br> CITY OF ROHNERT PARK, et al., <br>         Defendants. | Case No. 14-cv-05157-MEJ <br><br> **ORDER RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br> Re: Dkt. No. 81 |

Plaintiffs Elva and Raul Barajas ("Plaintiffs") have filed a Motion for Leave to File a Second Amended Complaint against Defendants City of Rohnert Park (the "City") and Officers Jacey Tatum, David Rodriquez, and Matthew Snodgrass (the "Officers" and collectively, "Defendants"). Mot., Dkt. No. 81. Specifically, Plaintiffs seek to add a state law claim under California Civil Code section 52.1—the "Bane Act"—to assert that (1) the Officers violated the rule set forth in *Georgia v. Randolph*, 547 U.S. 103 (2006), and (2) the Officers' behavior, including the way Officer Tatum entered Plaintiffs' home, was threatening and intimidating in light of the same facts supporting their harassment-based claim. *Id.* at 1-2. Defendants oppose this Motion. Opp'n, Dkt. No. 82.

Where, as here, a pleading deadline set in a pretrial scheduling order has passed (*see* Dkt. No. 12), amendments to pleadings are governed by Federal Rule of Civil Procedure 16, rather than Rule 15. Fed. R. Civ. P. 16(b)(4). When a party seeks to continue the dates set by the court, it must first show "good cause" for modification of the order under Rule 16(b). *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The good cause inquiry "primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see, e.g.*, *Jimenez v. R. Sambrano*, 2009 WL 937042, at *1-2 (E.D. Cal.

Apr. 6, 2009) (discussing Rule 16 standard).

Plaintiffs' primary motivation in seeking to add their Bane Act claim is to "compel resolution" to an issue Defendants dispute: namely, whether the *Randolph* rule applies to this case. *See* Mot. at 2, 4 ("Plaintiffs' request to amend the pleadings to add the Bane Act claim also directly responds to Defendants' recent strategy to avoid liability under *Randolph*."). On February 5, 2016, the Court issued an Order on the parties' cross motions for summary judgment finding the *Randolph* rule applied in the context of probation searches like the one in this case. *See* Order re: Mots. for Summ. J. ("MSJ Order"), Dkt. No. 59; *see Barajas v. City of Rohnert Park*, ___ F. Supp. 3d ___, 2016 WL 454068 (N.D. Cal. Feb. 5, 2016). In doing so, the Court specifically noted that "[b]oth parties focused more on whether *Randolph* actually applied in this case but did not devote much argument or evidence as to whether the City's action or inaction was the moving force behind the potential violation of the *Randolph* rule."[1] MSJ Order at 36. Finding *Randolph* applied, the Court denied the City's Motion for Summary Judgment on the *Monell* claim, but did so without prejudice to give the parties an opportunity to file further summary judgment briefing "concerning whether a City policy or custom was the moving force behind the potential *Randolph* rule violation." *Id.* at 37. The Court would have simply granted the City summary judgment if it had found *Randolph* inapplicable.

As such, Plaintiffs' attempt to now force the issue through their proposed Bane Act claim is unnecessary—the Court has already resolved this issue. Moreover, the Court certified the issue of whether the *Randolph* rule applies to this case for interlocutory appeal to the Ninth Circuit in an attempt to conclusively resolve the question. Dkt. No. 86. Asserting a Bane Act claim at this point does not provide the mechanism for Plaintiffs to resolve these questions.

Finally, the Court cannot otherwise find Plaintiffs have diligently brought this claim. The Bane Act provides a private right of action against a person or persons who interfere by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or

---

[1] The Court did not find the Officers actually violated the *Randolph* rule at that point because it was unclear whether the facts underlying such a claim were undisputed.

laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." Cal. Civ. Code § 52.1.  "There are two distinct elements for a section 52.1 cause of action.  A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion."  *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of reh'g* (Mar. 6, 2015), *review denied* (May 20, 2015) (citations omitted).  Considering the elements of a Bane Act claim and the facts present in the record—and even in Plaintiffs' original pleadings—the only possible explanation for the delay is that Plaintiffs are attempting to resolve the constitutional issue discussed above.  In any event, the Court agrees with Defendants that Plaintiffs have not been diligent in asserting this claim, and that allowing such a claim now risks additional timely and costly motion practice.

The Court thus **DENIES** Plaintiffs' Motion for Leave to File an Amended Complaint to add their proposed Bane Act claim.

**IT IS SO ORDERED.**

Dated: **August 10, 2016**

_____
MARIA-ELENA JAMES
United States Magistrate Judge