ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
CBlythe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000

Attorneys for Plaintiffs
RAUL BARAJAS
ELVA BARAJAS

DAVID F. BEACH (CA SBN: 127135)
SCOTT A. LEWIS (CA SBN: 149094)
PERRY, JOHNSON, ANDERSON, MILLER
& MOSKOWITZ, LLP
438 1st Street, 4th Floor
Santa Rosa, California 954014
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorneys for Defendants
CITY OF ROHNERT PARK, JACY TATUM,
DAVID RODRIQUEZ, and MATTHEW
SNODGRASS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS<br><br>               Plaintiffs,<br><br>     v.<br><br>CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIQUEZ and MATTHEW SNODGRASS,<br><br>               Defendants. | Case No.  3:14-cv-05157 SK<br><br>**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      July 9, 2018<br>Time:     1:30 pm<br>Place:    Courtroom A, 15th Floor<br>Judge:   Hon. Sallie Kim |

Pursuant to this Court's March 26, 2018 Minute Order, the parties jointly submit this Case Management Statement in advance of the July 9, 2018 Case Management Conference.

Pursuant to the Minute Order, counsel for Plaintiffs respectfully requests to appear at the Case Management Conference by telephone and will coordinate that appearance with Court Call.

Pursuant to the Minute Order, counsel for Defendants respectfully requests to appear at the Case Management Conference by telephone and will coordinate that appearance with Court Call.

## 1.     Jurisdiction and Service

Plaintiffs Raul and Elva Barajas contend that this Court has jurisdiction over the subject matter of this action against the City of Rohnert Park and the three officer defendants on the basis of federal question jurisdiction arising under 42 U.S.C. § 1983. Plaintiffs also contend that venue is proper in the Northern District of California, under 28 U.S.C. § 1391(b), in that the events giving rise to Plaintiffs' claims occurred in this judicial district.

## 2.     Facts

### a.     Plaintiffs' Position:

The question in this case is whether police officers can enter someone's backyard and then their home *without notice or consent and over their express objection* simply because an adult child of the homeowners is on probation with a condition that the child "submits to warrantless search/seizure of residence."

The Plaintiffs, Raul Barajas and Elva Barajas, are a married couple who live in Rohnert Park with their children, one of whom, Edgar Perez, was on probation for three non-violent offenses at the time of the unlawful search that is at the heart of this case. Mr. Perez was on probation at the time of the search for two drug possession offenses and for misdemeanor resisting arrest, stemming from an incident where Rohnert Park police officers beat up Mr. Perez in front of the Barajas' home.

During the evening of November 4, 2014, Officers David Rodriguez and Matthew Snodgrass of the Rohnert Park Police Department came to the front door of Plaintiffs' home and asked Raul Barajas if his son Edgar Perez was at home. Raul Barajas stated that Mr. Perez was

1  not at home, asked to see the officers' search warrant, and would not let them inside.  The officers

2  did not have a search warrant.  Meanwhile, unbeknownst to Plaintiffs, a third officer, Officer Jacy

3  Tatum, snuck into their home through a rear sliding door with his firearm drawn.  Officer Tatum

4  opened both a side exterior gate and the back sliding door to their home and entered the residence

5  without notice or consent.  That essentially left Plaintiffs and their two children who were home

6  that day surrounded by three armed officers.  Two of the three officers—Officers Tatum and

7  Rodriguez—were the same officers who beat up Mr. Perez several years before.  This was very

8  intimidating to the Barajas family, especially given their prior experience with these particular

9  officers.  At this point, Officers Rodriguez and Snodgrass entered the home and thoroughly

10 searched the living room, kitchen, bedrooms, bathrooms and closets.  The third officer who

11 entered the home through the back of the house kept watch over the Plaintiffs and their other two

12 children during the search.

13      In discovery, the City of Rohnert Park's designated Rule 30(b)(6) witnesses both testified

14 to the City's longstanding practice of searching the homes of probationers based solely on a

15 probationary search condition, (1) over the objection of other objecting co-tenants, as well as (2)

16 without any particularized suspicion of wrongdoing.  The defendant officers also testified that

17 entering the back of a home in the manner that happened in this case is common and, indeed,

18 routine, in Rohnert Park.

19              **b.      Defendants' Position:**

20      Plaintiffs' hyperbole notwithstanding, there are key facts that must be resolved by a jury.

21 For example, Defendants believe that Edgar Perez is a violent drug addict. Defendants also

22 believe that the search in this case was perfectly reasonable because it was effectuated in 18

23 minutes from the time of getting out of the car to leaving. The search followed California law.

24 No guns were pointed, no names were called, and no one was hurt. The Plaintiffs, other than the

25 bare Fourth Amendment allegation, have no damages of any kind.

26      **3.      <u>Legal Issues</u>**

27 **<u>Plaintiffs' Position</u>**

28

The jury will have to decide whether the search of Plaintiffs' home was reasonable. There is substantial evidence that the search was unreasonable for at least the following reasons: (1) officers searched the home despite the objection of Mr. Barajas; (2) Officer Tatum entered through the back sliding door without complying with knock/notice requirements; and (3) Officer Tatum entered the home with his gun drawn, which exposed the residents and the officers to unnecessary risk of harm.

This case is ready for trial, which is set in October 2018. Judge James previously resolved the chief legal issues in dispute through rulings on multiple summary judgment motions: (1) whether the rule set forth by the Supreme Court in *Georgia v. Randolph*, 547 U.S. 103 (2006)—which prohibits officers from searching a home based on consent of one tenant over the objection of another tenant—applies in the probation context and (2) whether officers may rely on a probation search condition permitting "warrantless" residential searches to justify a search of any probationer's home (regardless of the nature of probationer's underlying offense) without reasonable suspicion. Following numerous other district courts that have reached the same conclusion, the Court held that the *Georgia v. Randolph* rule applies in the probation context and a reasonable factfinder could find that the search in this case was unreasonable if the officers searched the home after the Plaintiffs objected. Second, the Court also held that a reasonable factfinder could conclude that the search was unreasonable for other reasons, including because it was performed without reasonable suspicion, because of the manner in which the officers entered the home, or because the search was performed for purposes of harassment.

In light of the Court's rulings, what remains to be resolved in the case now are ultimate questions of fact, including (1) the specific circumstances surrounding the Plaintiffs' objection to the search; (2) whether searching the Plaintiffs' home without reasonable suspicion was unreasonable under the circumstances; (3) whether the manner in which Officer Tatum entered the Plaintiffs' home was unreasonable under the circumstances; (4) whether the purpose of the search was to harass the Plaintiffs and their family; and, with the exception of harassment, (5) whether the City of Rohnert Park's established practices, ratification, or failure to train were the moving force behind the constitutional violation.

**Defendants' Position**

Defendant believes the legal issues in this case are complex and far from being resolved. There is no doubt that the case law regarding suspicionless searches are inchoate. Indeed, several cases have changed the landscape of Judge James earlier decisions that are now several years old. *See* Order dated February 5, 2016; Docket No. 59).

With regard to the Randolph ruling, the factual issues surrounding the decision and the applicability to the Randolph case are likewise several years old. (*See* Order dated August 10, 2016; Docket No. 86).

It is important to note that Plaintiff has not suffered any form of damages. Therefore, this case is not about injury. It is a legal issue. One of the parties will be appealing this case. It might be wise for the Court to ask for another round of summary judgment motions because both the Randolph Rule and Suspicionless Searches continue to evolve.

### 4.   Motions

The parties previously each filed two cross-motions for summary judgment, which the Court granted in part and denied in part.  The City of Rohnert Park filed a third motion for summary judgment limited to the question of *Monell* liability, which was denied.  Other than the pretrial statement and related filings and motions in limine addressed in the Court's Case Management and Pretrial Order, Plaintiff does not currently contemplate filing additional motions.

**Defendants' Position**

Defendants recommend to the Court that another round of summary judgment motions be ordered. *See* Paragraph 3, Defendant's section.

**Plaintiffs' Position**

This case was previously scheduled for trial and was taken off calendar because Magistrate Judge James retired.  Defendants have already filed three motions for summary judgment, and now claim that they want to file a fourth summary judgment motion.  The deadline to file such motions passed long ago.  Plaintiffs oppose any further summary judgment briefing.

**5.**     **Amendment of Pleadings**

The operative complaint is the Second Amended Complaint and the parties do not anticipate seeking leave to file further requests to amend the pleadings.

**6.**     **Evidence Preservation**

At the outset of the case, Plaintiffs asked Defendants to preserve all of their communications, including electronic communications, involving the entry into Plaintiffs' home.

**7.**     **Disclosures**

The parties served initial disclosures.

**8.**     **Discovery**

The discovery period is closed.

**9.**     **Class Actions**

This case is not a class action.

**10.**     **Related Cases**

There are not any known related cases.

**11.**     **Relief**

Plaintiffs seek both monetary and injunctive relief.  Plaintiffs seek to recover monetary damages and punitive and exemplary damages in an amount to be proven at trial.

**12.**     **Settlement and ADR**

**Plaintiffs' Position**

Plaintiffs believe that this is an important case and that a trial may be necessary to stop similar conduct.  Prior attempts to discuss settlement have not been successful.  Having said that, Plaintiffs continue to be open to mediation with any magistrate or federal judge, but consider settlement to be unlikely given the parties' starkly different positions.  Plaintiffs cannot afford private mediation.

**Defendants' Position**

Defendants believe the Court's ruling regarding the application of *Randolph* (a consent doctrine case) to the probation doctrine will upend state and national policing. Additionally, the state of California has drastically changed their incarceration model to include community

caretaking such that misdemeanants are left in the streets to be supervised by local police and probation officers. The risk of losing an important tool to monitor criminals such as Edgar Perez suggests the decisions made by this Court must be reviewed at a national level.

### 13.   Consent to Magistrate Judge for All Purposes

The parties consented to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14.   Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.   Narrowing of Issues and Severance of Claims

Neither party has any issues that need to be narrowed.  Neither party has any claims that need to be severed.

### 16.   Expedited Schedule

Neither side has requested an expedited schedule.

### 17.   Scheduling

The Court previously set a trial date and all pretrial deadlines.

### 17.   Trial

Trial is set for October 23, 2018.

### 18.   Disclosure of Non-Party Interested Entities or Persons

There are not any known non-party interested entities or persons.

### 19.   Professional Conduct

All attorneys representing the parties have reviewed the guidelines for professional conduct in the Northern District of California.

1

2
Dated: July 2, 2018

MORRISON & FOERSTER LLP

3

4
By:  /s/ *Arturo J. González*

ARTURO J. GONZÁLEZ

5
Attorney for Raul Barajas and Elva Barajas

6

7
Dated: July 2, 2018

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

8

9

10
By: /s/ *Scott Lewis*

SCOTT LEWIS

11
Attorney for City of Rohnert Park, and Jacy Tatum, David Rodriquez, and Matthew Snodgrass

12

13

14
FILER'S ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

15
I, Arturo J. González, hereby certify that I am the ECF user whose identification and password are being used to file the foregoing ***Further Joint Case Management Statement***

16
and that the above-referenced signatory to this stipulation has conferred in this filing.

17
/s/ *Arturo J. González*

18

19

20

21

22

23

24

25

26

27

28