DAVID F. BEACH, ESQ. (SBN 127135)
SCOTT A. LEWIS, ESQ. (SBN 149094)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, California 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorneys for Defendants
CITY OF ROHNERT PARK, JACY
TATUM, DAVID RODRIGUEZ,
MATTHEW SNODGRASS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department,<br><br>Defendants. | Case No.  3:14-cv-05157 SK<br>Honorable Judge Sallie Kim<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 4 RE: EXCLUDING ANY EVIDENCE, TESTIMONY, INCLUDING HEARSAY OR CONCLUSIONS OR ARGUMENT REGARDING THE POST 2014 INVESTIGATIONS CURRENTLY BEING CONDUCTED AT THE ROHNERT PARK PUBLIC SAFETY DEPARTMENT**<br><br>Pre-Trial Conference<br>DATE:  August 24, 2018<br>TIME:  1:30 P.M.<br>CTRM:  A, 15th Floor<br><br>Trial<br>DATE:  October 23, 2018<br>TIME:  9:30 A.M.<br>CTRM:  A, 15th Floor |

## I. PRELIMINARY STATEMENT

Defendants CITY OF ROHNERT PARK, JACY TATUM, DAVID RODRIGUEZ, MATTHEW SNODGRASS, (hereinafter "Defendants") move the Court for an Order in Limine, as follows:

## II. MOTION IN LIMINE NO. 4

MOTION TO EXCLUDE ANY EVIDENCE, TESTIMONY, INCLUDING HEARSAY OR CONCLUSIONS OR ARGUMENT REGARDING THE POST 2014 INVESTIGATIONS CURRENTLY BEING CONDUCTED AT THE ROHNERT PARK PUBLIC SAFETY DEPARTMENT

### A. Pending Investigation & Lack of Any Confirmation and/or Administrative Action Taken to Date

As a companion motion to Motion In Limine No. 3, the Rohnert Park Public Safety Department's ("RPPSD") current and ongoing investigation surrounds allegations against other officers and personnel, in addition to Jacy Tatum. The only public information at this time has been provided by the local newspaper, The Press Democrat; however, the status and/or any findings, conclusions, or decisions are not public information at this time; this investigation is ongoing.

### B. Any Testimony or Attempt to Elicit Evidence Relating to a Pending Investigation Must be Excluded as Irrelevant and Prejudicial

Federal Rules of Evidence, Rule 403 excludes evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) [(noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses].

The pending investigation has nothing to do with the Plaintiffs, their son, the subject search

at issue, or probation searches in general for that matter; it has absolutely nothing to do with the subject case and has no bearing on the issues before the Court. More importantly, the only known information comes from media coverage of an active investigation, where none of the allegations have been proven or confirmed. There is therefore no other possible purpose for bringing any reference of the pending investigation into evidence other than to confuse the issues and prejudice the Defendants, the result of which would not only waste time, but likely lead toward an appeal.

California State law recognizes the critical significance of protecting investigations from disclosure. Cal. Gov. Code § 6254(f). RPPSD's investigation is active and pending. The accusations are broad-based, relating to several officers and how the Department runs, according to media coverage. To date, there have been no findings, decisions, or confirmations of anything. There is absolutely no legal basis to allow reference of this investigation, and the unfounded claims, into evidence before this jury. Should the jury hear even reference to such an investigation, such would be considered as evidence that the RPPSD is not properly run and made mistakes in the subject case- this would be based on unproven allegations, not proper evidence. Moreover, such references could have tremendous damage to the end determination and findings. Admission of testimony or evidence regarding this ongoing and irrelevant investigation therefore must be excluded.

### III.   CONCLUSION

Based on the foregoing, Defendant requests that Plaintiffs' counsel be ordered not to ask questions or elicit testimony regarding the investigations currently being conducted by the Rohnert Park Public Safety Department.

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP

DATED: July 25, 2018          By: */s/ Scott A. Lewis*
DAVID F. BEACH
SCOTT A. LEWIS
Attorneys for Defendants
CITY OF ROHNERT PARK, JACY TATUM, DAVID RODRIGUEZ, MATTHEW SNODGRASS