1  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
2  CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
   CBlythe@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5
   Attorneys for Plaintiffs
6  RAUL BARAJAS
   ELVA BARAJAS
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 | RAUL BARAJAS and                               | Case No. 3:14-cv-05157 SK
   | ELVA BARAJAS,                                  |
13 |                                                | **PLAINTIFFS' OPPOSITION TO**
   |              Plaintiffs,                       | **DEFENDANTS' MOTION IN**
14 |                                                | **LIMINE NO. 3**
   |       v.                                       |
15 |                                                | **[JURY TRIAL DEMANDED]**
   | CITY OF ROHNERT PARK, a municipal              |
16 | corporation; and JACY TATUM, DAVID             | Dept.:  Courtroom A, 15th Floor
   | RODRIGUEZ and MATTHEW SNODGRASS,               |
17 | officers with the City of Rohnert Park Police  |
   | Department,                                    |
18 |                                                |
   |              Defendants.                       |
19

**INTRODUCTION**

Defendants' Motion in Limine No. 3 seeks to exclude all evidence of Officer Tatum's employment history after November 2014. The motion is overbroad and should be denied in favor of case by case consideration of Defendants' evidentiary objections at trial so that the Court can weigh and consider the evidence in context, rather than make a blanket ruling in the abstract. This is especially important since Defendant Tatum's credibility will be at issue because (among other things) Officer Tatum falsely testified that he announced his presence prior to entering the Barajas home, and he falsely testified that Plaintiffs' son is in a gang. Neither assertion is true. To rebut such allegations, evidence of Officer Tatum's character for untruthfulness is proper under Evidence Code section 608(a) or (b).

**ARGUMENT**

While the motion is far broader, Defendants' only specific concern appears to relate to evidence of recent negative media coverage of both Officer Tatum and the Rohnert Park Police Department's search and seizure practices and an ongoing internal investigation into Officer Tatum's reported misconduct. Plaintiffs do not intend to introduce those articles into evidence. However, both Officer Tatum's and the City of Rohnert Park's search and seizure practices *are* relevant to the issues in the case and a blanket exclusion on any and all evidence that relates to Officer Tatum's employment and post-dates the November 2014 search is overbroad and could hamper relevant lines of questioning, including whether Officer Tatum still works as a police officer, and whether any search practices or policies changed since the Court released its rulings in this case.

Moreover, if Officer Tatum makes false statements at trial pertaining to Plaintiffs or their son, Plaintiffs should be allowed to demonstrate Officer Tatum's character for untruthfulness. Fed. R. Evid. 608(a) & (b). *United States v. Kohring*, 637 F.3d 895, 904-06 (9th Cir. 2011) (recognizing that cross-examination regarding specific conduct under Rule 608(b) is an important tool for jurors to assess a witness's character for truthfulness); *United States v. Nace*, 561 F.2d 763, 771 (9th Cir. 1977) (reputation evidence of truth and veracity properly admitted under Rule

608(a)).[1]

## CONCLUSION

Defendants' third motion in limine is overbroad and should be denied as premature so that the Court can rule on specific evidentiary objections on a case by case basis, considering the nature of the evidence in context rather than in the abstract.

Dated:  August 3, 2018                    MORRISON & FOERSTER LLP

By:    *Arturo J. González*
            ARTURO J. GONZÁLEZ

Attorneys for Plaintiffs
RAUL BARAJAS,
ELVA BARAJAS

---

[1] Defendants cite to section 6254(f) of California's Public Records Act to argue that "California State law recognizes the critical significance of protecting investigations from disclosure." (Mot. at 3.) Section 6254(f) excepts *certain facts* relating to law enforcement investigations from automatic disclosure pursuant to a request for information under the Public Records Act. The statute does not create an evidentiary privilege and federal and state courts have rejected similar attempts to rely on it to limit the introduction of evidence in civil rights litigation. *See, e.g.*, *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 197-99 (9th Cir. 1975); *ACLU v. Deukmejian*, 32 Cal. 3d 440, 451 (1982). But in any event, Defendants overstate the scope of section 6254(f). Under the statute, the "portion of those investigative files that reflects the analysis or conclusions of the investigating officer" is not subject to automatic disclosure, but other details are, including the names and addresses of people or witnesses involved in the incident, the description of any property involved, the date, time, and location of the relevant incident, all diagrams and statements of the parties or witnesses involved, among other facts, unless the disclosure would endanger the safety of a witness or person involved, or would endanger successful completion of the investigation. Cal. Gov. Code § 6254(f).