ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
CBlythe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000

Attorneys for Plaintiffs
RAUL BARAJAS
ELVA BARAJAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department,<br><br>Defendants. | Case No. 3:14-cv-05157 SK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Dept.:  Courtroom A, 15th Floor |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INTRODUCTION

Defendants' Motion in Limine No. 4 seeks to exclude all evidence whatsoever of any investigations conducted in Rohnert Park after 2014 regarding "allegations against other officers and personnel, in addition to Jacy Tatum." (Mot. at 2.) Beyond that, the motion is vague about what the "investigations" cover and it is difficult to discern whether the motion would exclude relevant evidence or not. The motion should be denied in favor of case by case consideration of Defendants' evidentiary objections at trial so that the Court can weigh and consider the evidence in context, rather than make a blanket ruling in the abstract.

### ARGUMENT

Defendants' motion is overbroad and incredibly vague—it states only that all evidence of any investigations conducted by the City of Rohnert Park after 2014 should be excluded from evidence. That would prevent the Plaintiffs from inquiry into whether Rohnert Park investigated the officers' conduct with respect to the search at issue in this case, which is an appropriate and relevant line of questioning. Defendants' motion also would prevent Plaintiffs from asking about whether Rohnert Park has examined its search practices more generally since the search at issue in this case, for example, in response to the Court's guidance on residential probation searches. Again, this is an appropriate line of questioning.[1]

### CONCLUSION

_____

[1] Defendants cite to section 6254(f) of California's Public Records Act to argue that "California State law recognizes the critical significance of protecting investigations from disclosure." (Mot. at 3.) Section 6254(f) excepts *certain facts* relating to law enforcement investigations from automatic disclosure pursuant to a request for information under the Public Records Act. The statute does not create an evidentiary privilege and federal and state courts have rejected similar attempts to rely on it to limit the introduction of evidence in civil rights litigation. *See, e.g.*, *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 197-99 (9th Cir. 1975); *ACLU v. Deukmejian*, 32 Cal.3d 440, 451 (1982). But in any event, Defendants overstate the scope of section 6254(f). Under the statute, the "portion of those investigative files that reflects the analysis or conclusions of the investigating officer" is not subject to automatic disclosure, but other details are, including the names and addresses of people or witnesses involved in the incident, the description of any property involved, the date, time, and location of the relevant incident, all diagrams and statements of the parties or witnesses involved, among other facts, unless the disclosure would endanger the safety of a witness or person involved, or would endanger successful completion of the investigation. Cal. Gov. Code § 6254(f).

Pls.' Opp'n to Defs.' MIL No. 4
Case No. 3:14-cv-05157 SK
sf-3926729

1

1  Defendants' fourth motion in limine is overbroad and should be denied in favor of a case

2  by case assessment of the evidence and Defendants' specific objections.

Dated:  August 3, 2018                    MORRISON & FOERSTER LLP


                                    By:    *Arturo J. González*
                                           ARTURO J. GONZÁLEZ

                                           Attorneys for Plaintiffs
                                           RAUL BARAJAS,
                                           ELVA BARAJAS