UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BARAJAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF RHONERT PARK, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-05157-SK<br><br>**ORDER REGARDING MOTIONS *IN LIMINE***<br><br>Regarding Docket Nos. 142-145, 149, 150, 152, 154 |

　　　　The Court held a pretrial conference on August 24, 2018, at which time the parties argued their respective motions *in limine*. The Court rules as follows on those motions below.

**A.　Plaintiff's Motion *in Limine* No. 1: Limit Conviction Evidence to Fact of Convictions for which Edgar Perez was on Probation; Preclude Other Criminal History Evidence.**

　　　　Granted in part and denied in part. Defendants may list the crimes for which Edgar Perez was charged and convicted only if the Defendant who is testifying reviewed the criminal history of Edgar Perez before the search in question or heard a specific description of the charge and conviction from an officer who reviewed the criminal history of Edgar Perez for the purpose of the search in question. Under the test of "totality of circumstances" under which law enforcement must consider to determine whether to conduct a search of a probationer, law enforcement can consider crimes for which the probationer was charged and for which the probationer was convicted. In addition, no party may comment further on the facts underlying the specific charges or convictions. However, as discussed at hearing, defendants may discuss their personal interactions with Edgar Perez.

　　　　Defendants may not mention the term "terrorist threat" as a charge. Instead, when referring to the charge for that crime, Defendants must refer to it as "making a threat against a

person" or "threatening a person." Under Federal Rule of Civil Procedure 403, the term "terrorist threat" is more prejudicial than probative.

**B.     Plaintiff's Motion *in Limine* No. 2: Preclude Gang Affiliation Evidence or Argument.**

Granted in part and denied in part. Only a witness who reported that Edgar Perez can testify that he heard the statement, from Edgar Perez, that he (Edgar Perez) was a member of a gang. Under the test of "totality of circumstances" under which law enforcement must consider to determine whether to conduct a search of a probationer, law enforcement can consider whether the probationer is a member of a gang. The statement by Edgar Perez is hearsay, but the statement is a statement against interest and admissible under Fed.R.Evid. 804(b)(3). Defendants may not testify as expert witnesses to state that tattoos or clothing or other physical indicia proves that Edgar Perez was a member of a gang.

**C.     Plaintiff's Motion *in Limine* No. 3: Preclude any Argument or Suggestion that Defendants' Cannot Comply with Law Due to Policy Reasons.**

Granted.

**D.     Plaintiff's Motion *in Limine* No. 4: Preclude Evidence or Argument Regarding Practices of Other Law Enforcement Agencies.**

Granted in part and denied in part. Individual defendants may testify that they have taken certain actions as part of their previous work history but may not mention that they did so at a specific law enforcement agency other than the Rohnert Park Police Department.

**E.     Defendants' Motion *in Limine* No. 1: Preclude Evidence or Argument that Chief Masterson Failed to Take Policy or Training Steps to Prevent Randolph Violations.**

Granted.

**F.     Defendants' Motion *in Limine* No. 2: Preclude any Evidence or Testimony Regarding Physical Altercation Between Edgar Perez and Officers Tatum and Rodriquez on November 12, 2010.**

Denied. Defendants have identified a new impeachment witness, an officer who spoke with Plaintiffs after the November 12, 2010 incident. Plaintiffs may take that officer's deposition before trial. The parties will meet and confer regarding the date and time of the deposition.

**G.     Defendants' Motion *in Limine* No. 3: Preclude any Evidence or Argument Regarding Sergeant Jacy Tatum's Post-2014 Employment Period.**

Granted.

**H.     Defendants' Motion *in Limine* No. 4: Preclude any Evidence or Testimony Regarding Post-2014 Investigations at Rohnert Park Public Safety Department.**

Granted.

**IT IS SO ORDERED**.

Dated: September 6, 2018



_____
SALLIE KIM
United States Magistrate Judge