ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
CBlythe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

Attorneys for Plaintiffs
RAUL BARAJAS
ELVA BARAJAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department, <br><br> Defendants. | Case No. 3:14-cv-05157 SK <br><br> **PLAINTIFFS' BENCH BRIEF REGARDING MUGSHOTS** <br><br> Judge: Hon. Sallie Kim <br> Dept.: Courtroom C, 15th Floor <br> Trial Date: October 23, 2018 |

Plaintiffs understood that the issue of Edgar Perez's mugshot had been resolved and that it would be redacted under Rule 403. However, Defendants disagree and would still like to show it to the jury. We submit this short bench brief to address this issue.

The Ninth Circuit has recognized that "the introduction into evidence of 'mug shots' for purposes of identification has been held to be highly prejudicial." *Smith v. Rhay*, 419 F.2d 160, 164 (9th Cir. 1969). The Fifth and Seventh Circuits have reversed convictions based on the improper admission of mugshots, recognizing the substantial risk of prejudice. *See United States v. Torres-Flores*, 827 F.2d 1031 (5th Cir. 1987) (assault conviction reversed because mug shots

1  of the defendant had been admitted); *United States v. Reed*, 376 F.2d 226, 228 n.2 (7th Cir. 1967)
2  (holding that testimony with respect to mug shot was prejudicial error).  Courts routinely grant
3  motions *in limine* to exclude mugshots.  *See*, *e.g*., *Morris v. Long*, No. 1:08-CV-01422-AWI,
4  2012 WL 1498889, at *8 (E.D. Cal. Apr. 27, 2012) ("Trial courts generally exclude mug shots
5  from evidence. Mug shots, like evidence of prior convictions, are usually not admissible under
6  Fed.R.Evid. 404(b) (evidence of other crimes, wrongs, or acts).  Even if relevant, a mug shot
7  tends to make people believe that the person is 'bad,' and therefore can be unfairly prejudicial.
8  Fed.R.Evid. 403"); *Engman v. City of Ontario*, No. EDCV 10-284 CAS PLAX, 2011 WL
9  2463178, at *11 (C.D. Cal. June 20, 2011) (in granting motion *in limine* to exclude mug shot,
10 court found that whatever minimal relevance the mug shot had on the issues of excessive force
11 and damages was substantially outweighed by undue prejudice); *USA v. Jennings*, No. CR 10-
12 00346 SJO, 2011 WL 13143538, at *6 (C.D. Cal. Feb. 22, 2011) (granting motion *in limine* to
13 exclude mug shot).

14      The mugshot of Edgar Perez is irrelevant and any relevance is substantially outweighed by
15 the danger of undue prejudice.  The mugshot should be redacted.

Dated: October 15, 2018                    MORRISON & FOERSTER LLP

                                           By:  */s/ Arturo J. González*
                                                ARTURO J. GONZÁLEZ

                                           Attorneys for Plaintiffs
                                           RAUL BARAJAS,
                                           ELVA BARAJAS