1    ARTURO J. GONZÁLEZ (CA SBN 121490)
     AGonzalez@mofo.com
2    CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
     CBlythe@mofo.com
3    MORRISON & FOERSTER LLP
     425 Market Street
4    San Francisco, California  94105-2482
     Telephone: 415.268.7000
5
     Attorneys for Plaintiffs
6    RAUL BARAJAS
     ELVA BARAJAS
7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13   RAUL BARAJAS and                    Case No. 3:14-cv-05157 SK
     ELVA BARAJAS,
14                                        **PLAINTIFFS' BENCH BRIEF**
                        Plaintiffs,       **OBJECTING TO PROPOSED**
15                                        **NEGLIGENCE JURY**
           v.                             **INSTRUCTION**
16
     CITY OF ROHNERT PARK, a municipal    Judge:   Hon. Sallie Kim
17   corporation; and JACY TATUM, DAVID   Dept.:   Courtroom C, 15th Floor
     RODRIGUEZ and MATTHEW SNODGRASS,     Trial Date:  October 23, 2018
18   officers with the City of Rohnert Park Police
     Department,
19
                        Defendants.
20

21         In response to the Court's Order Requiring Supplemental Briefing on Jury Instructions,

22   Plaintiffs submit this bench brief to address the negligence standard of care jury instruction set

23   forth in CACI 600.  The jury does not need expert testimony to assess whether the officers

24   behaved reasonably when searching Plaintiffs' home, and therefore language that suggests

25   otherwise should be omitted from the jury instructions.

26         The language pertaining to expert witnesses set forth in the second paragraph of CACI

27   600 is not only optional but unnecessary in this case.  The relevant paragraph states: "You must

28   determine the level of skill and care that a reasonably careful [insert type of professional] would

1   use in similar circumstances based only on the testimony of the expert witnesses[, including

2   [name of defendant],] who have testified in this case.]"  Notably, CACI includes directions to

3   read this paragraph only "if the standard of care *must* be established by expert testimony."  CACI

4   600 (emphasis added).

5       No court in California, state or federal, has held that a plaintiff must retain an expert

6   witness in order to present a claim that officers acted negligently (and therefore unreasonably)

7   when performing a search.  To the contrary, as the Court noted in its Order, courts have held that

8   experts are not needed in cases involving excessive force, even though such cases involve an

9   analysis of the law (provided by the court) and the evidence.  *See*, *e*.*g*., *Allgoewer v. City of

10  Tracy*, 207 Cal. App. 4th 755, 761 (2012).

11      In *Allgoewer*, the California Court of Appeals held that laypeople could determine,

12  without the use of an expert witness, "what force a reasonable law enforcement officer would

13  have used under the same or similar circumstances."  *Id.* at 760.  This was a matter of first

14  impression before the *Allgoewer* court and its reasoning is illustrative for the case before us.  The

15  *Allgoewer* court reversed the trial court's decision to grant a motion for nonsuit.  The trial court's

16  basis for granting nonsuit was that plaintiff's case did not include expert testimony "as to

17  standards of practice and procedure for the defendant police officers" necessary to establish the

18  objective reasonableness standard for the officer's actions.  *Id.* at 759.

19      In an excessive force case, the question before the jury is not merely whether there has

20  been a physical confrontation—though a determination of that type would certainly fall under the

21  knowledge of a layperson—but whether an officer's conduct is *reasonable* under the Fourth

22  Amendment.  In other words, what amount of force would a reasonable officer use?  The jury

23  must make that same "reasonableness" determination here with respect to Plaintiffs' negligence

24  claim.  The *Allgoewer* court relied primarily on the analysis of the Wisconsin Supreme Court in

25  *Robinson v. City of West Allis*, 239 Wis.2d 595, 619 (2002) to reach its conclusion.  *Allgoewer*.

26  207 Cal. App. at 765.

27      In *Robinson*, the Wisconsin Supreme Court rejected a categorical requirement of expert

28  testimony in excessive use of force cases.  *Robinson*, 239 Wis.2d at 611.  In its explanation, the

Wisconsin Supreme Court stated, "We cannot at once emphasize the jury's responsibility for applying the standard of reasonableness and also claim that the issue is beyond the jury's comprehension. Requiring an expert as a prerequisite to a finding of use of excessive force would essentially remove from the jury the task of applying standards of reasonableness and replace it with the task of evaluating the testimony of the parties' experts." *Id.* at 612. The *Allgoewer* court accepted this analysis in support of its same conclusion.

Additionally, the *Allgoewer* court rejected the argument that there was a case-specific need for expert testimony because the case involved "specialized training and experience regarding police practices and procedures." 207 Cal. App. 4th at 765. Similarly, there is no case-specific need for expert testimony here because Defendants' search did not involve any "specialized training." Rather, it involved the routine practices of the Rohnert Park Police Department in conducting warrantless searches, which the jury will be able to fully understand with the evidence presented. And, this Court's instructions will guide the jury on the law to apply. There is no need for an expert to do that.

Determining whether a search is reasonable requires examining the circumstances "in a common-sense manner." *U.S. v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009). By the close of trial the jury will have all the adequate tools and evidence to assess whether Defendants' entry into Plaintiffs' home was reasonable. An absence of expert testimony to establish the officers' standard of care will not prevent the jury from reaching its proper verdict.

Finally, there is a strong policy argument to consider. It is already difficult enough for Plaintiffs to find counsel to prosecute cases, like these, that do not have strong prospects for monetary requirement. Imposing an obligation upon those Plaintiffs (or their counsel) to pay to retain an expert witness will make it especially difficult to find legal counsel to take such cases.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONCLUSION

For the reasons stated above, the standard of care jury instruction need not and should not include language stating that expert testimony is necessary to resolve the negligence claim.

Dated: October 15, 2018                  MORRISON & FOERSTER LLP


                                        By:   */s/ Arturo J. González*
                                              ARTURO J. GONZÁLEZ

                                              Attorney for Plaintiffs
                                              RAUL BARAJAS,
                                              ELVA BARAJAS