UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BARAJAS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CITY OF ROHNERT PARK, et al.,<br><br>   Defendants. | Case No. 14-cv-05157-SK<br><br>**ORDER REGARDING OUTSTANDING ISSUES** |

Upon consideration of the parties' supplemental briefing, the Court RULES as follows:

**A. Negligence.**

Plaintiffs assert a claim for negligence (Third Cause of Action) in the Second Amended Complaint. (Dkt. 16 at ¶¶ 22-25.) Plaintiffs allege that the Defendants breached a duty they owed to Plaintiffs "by illegally entering and searching" Plaintiffs' home. (*Id*., ¶ 24.) Plaintiffs further allege that "[n]o reasonable officer would have thought it proper to enter into the backdoor of someone's home without a search warrant or exigent circumstances." (*Id*.) Neither Plaintiffs nor Defendants are presenting expert witnesses at trial, as they have not identified any expert witnesses in this litigation.

The Court continues to hold that the instruction under CACI 600 is the correct instruction, given that police officers are professionally trained. *See*, *e.g.*, *LAOSD v. Asbestos Cases*, 5 Cal. App. 5th 1022, 1050 (2016) (people who lay pipe are specialists and thus CACI 600 was appropriate; citing treatise arguing that airplane pilots, precision machinists, electricians, carpenters, blacksmiths, or plumbers are also professionals to be judged against a professional standard of care). Here, police officers receive specialized training and have specialized duties far beyond those of laypeople. For this reason, the instruction regarding standard of care set forth in CACI 600 is the appropriate instructions.

1 However, the Court will not provide the second part of the instruction that states as
2 follows:

> You must determine the level of skill and care that a reasonably
> careful [insert type of professional] would use in similar
> circumstances based only on the testimony of the expert witnesses[,
> including [name of defendant],] who have testified in this case.]

5 Plaintiffs specifically object to this part of the instruction. The Court agrees with Plaintiffs' most
6 recent analysis and will not provide this second part of the instruction. However, when
7 Defendants, individual police officers, testify, they can explain why they believe that their entry
8 into Plaintiffs' home was the standard of care and consistent with their training. The Court
9 recognizes that the testimony regarding individual Defendants' understanding of the law may
10 differ from the Court's instruction of the law, but the Court will instruct the jury that the testimony
11 is offered for the limited purpose of showing the individual Defendants' understanding of the state
12 of the law at the time of the entry into Plaintiffs' home.

13 **B.    Claims under California Constitution.**

14 Plaintiffs assert claims for invasion of privacy pursuant to the California Constitution,
15 Article 1, Section 1, in their Fifth Cause of Action and for unreasonable search and seizure
16 pursuant to the California Constitution, Article 1, Section 13, in their Second Cause of Action.
17 (Dkt. 16, ¶¶ 19-21, 29-32.) After consideration of the briefs and cases, the Court finds that
18 Plaintiffs may proceed with their claims.

19 The Court will issue instructions regarding Article 1, Section 13, consistent with the
20 instruction for the Fourth Amendment right under 42 U.S.C. § 1983.

21 With regard to the claim for invasion of privacy, the Court will not allow Defendants to
22 assert a new affirmative defense that they had a countervailing interest in invading privacy,
23 because Defendants did not plead this defense.

24 The Court will consider offering a jury instruction for Defendants assertions of immunity.
25 The Court is considering the jury instruction pursuant to CACI 1503, which is based on Cal. Gov.
26 Code § 821.6, for the individual Defendants, and a jury instruction under Cal. Gov. Code § 815.2
27 for the City of Rohnert Park. *See, e.g., Baughman v. State of California*, 38 Cal.App.4th 182
28 (1995) (immunity extends to wrong arising out of a search during investigation); *see also Amylou*

*R. v. County of Riverside*, 28 Cal.App.4th1205 (1994).  Defendants asserted an affirmative defense under the California Government Code in their Nineteenth Affirmative Defense (Dkt. 17) but did not offer a jury instruction on this affirmative defense.  The parties may address this during any time before the Court instructs the jury.

The Court will issue a longer Order with its analysis, but at this time the Court wishes to provide the parties with its conclusions and jury instructions in order to prepare for trial.

**C.   Miscellaneous Issues**

Plaintiffs submitted an additional memorandum regarding the mug shots of Edgar Perez.  The Court will allow the mug shots to remain in the documents submitted to the jury.

The Court resolved the dispute regarding the judicial notice, and the changes should be self-evident in the instruction.

**IT IS SO ORDERED**.

Dated: October 16, 2018

_____
SALLIE KIM
United States Magistrate Judge