1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    RAUL BARAJAS, et al.,                    Case No.  14-cv-05157-SK
8                     Plaintiffs,
                                              **COURT'S AMENDED INTENDED**
9         v.                                  **JURY INSTRUCTIONS**
10   CITY OF RHONERT PARK, et al.,
11                    Defendants.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# DUTY OF JURY

Members of the Jury: You are now the jury in this case.  It is my duty to instruct you on the law that applies to this case.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs assert that on November 4, 2014, Defendants searched their home without a search warrant or any suspicion of wrongdoing and that the search was unreasonable under the totality of the circumstances, in violation of their Fourth Amendment rights under the U.S. Constitution, as well as in violation of state law. Plaintiffs have the burden of proving these claims.

Defendants deny those claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

United States District Court
Northern District of California

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

**CONDUCT OF THE JURY**

2

3     I will now say a few words about your conduct as jurors.

4     First, keep an open mind throughout the trial, and do not decide what the verdict should be

5 until you and your fellow jurors have completed your deliberations at the end of the case.

6     Second, because you must decide this case based only on the evidence received in the case

7 and on my instructions as to the law that applies, you must not be exposed to any other

8 information about the case or to the issues it involves during the course of your jury duty.  Thus,

9 until the end of the case or unless I tell you otherwise:

10    Do not communicate with anyone in any way and do not let anyone else communicate with

11 you in any way about the merits of the case or anything to do with it.  This includes discussing the

12 case in person, in writing, by phone or electronic means, via email, text messaging, or any internet

13 chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter,

14 Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to

15 communicating with your fellow jurors until I give you the case for deliberation, and it applies to

16 communicating with everyone else including your family members, your employer, the media or

17 press, and the people involved in the trial, although you may notify your family and your

18 employer that you have been seated as a juror in the case, and how long you expect the trial to last.

19 But, if you are asked or approached in any way about your jury service or anything about this case,

20 you must respond that you have been ordered not to discuss the matter and report the contact to

21 the court.

22    Because you will receive all the evidence and legal instruction you properly may consider

23 to return a verdict:  do not read, watch or listen to any news or media accounts or commentary

24 about the case or anything to do with it, although I have no information that there will be news

25 reports about this case; do not do any research, such as consulting dictionaries, searching the

26 Internet, or using other reference materials; and do not make any investigation or in any other way

27 try to learn about the case on your own.  Do not visit or view any place discussed in this case, and

28 do not use Internet programs or other devices to search for or view any place discussed during the

United States District Court
Northern District of California

trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

1

## PUBLICITY DURING TRIAL

2

3      If there is any news media account or commentary about the case or anything to do with it,

4   you must ignore it.  You must not read, watch or listen to any news media account or commentary

5   about the case or anything to do with it.  The case must be decided by you solely and exclusively

6   on the evidence that will be received in the case and on my instructions as to the law that applies.

7   If any juror is exposed to any outside information, please notify me immediately.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

1

2

## TAKING NOTES

3      If you wish, you may take notes to help you remember the evidence.  If you do take notes,

4  please keep them to yourself until you go to the jury room to decide the case.  Do not let note

5  taking distract you.  When you leave, your notes should be left in the jury room.  No one will read

6  your notes.

7      Whether or not you take notes, you should rely on your own memory of the evidence.

8  Notes are only to assist your memory. You should not be overly influenced by your notes or those

9  of other jurors.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**BENCH CONFERENCES AND RECESSES**

3

4        From time to time during the trial, it became necessary for me to talk with the attorneys out

5   of the hearing of the jury, either by having a conference at the bench when the jury was present in

6   the courtroom, or by calling a recess. Please understand that while you were waiting, we were

7   working. The purpose of these conferences is not to keep relevant information from you, but to

8   decide how certain evidence is to be treated under the rules of evidence and to avoid confusion

9   and error.

10        Of course, we have done what we could to keep the number and length of these

11   conferences to a minimum. I did not always grant an attorney's request for a conference. Do not

12   consider my granting or denying a request for a conference as any indication of my opinion of the

13   case or of what your verdict should be.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for Defendants may cross-examine. Then Defendants may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of Brian Masterson was taken on May 2, 2016.  The deposition of Jeffrey Justice was taken on August 26, 2015.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

1

2

### JUDICIAL NOTICE

3

The court has decided to accept as true the following facts:

4

On August 29, 2012, Edgar Perez pled *nolo contendere* (no contest) to California Penal

5

Code section 148(a)(1), resisting arrest, a misdemeanor.  Thus, he was convicted of this offense.

6

Edgar Perez was placed on probation (a conditional sentence) for 36 months with the

7

following condition(s):

8

Be of good conduct and obey all laws.

9

Submit to a warrantless search and seizure of person, property, or vehicle at any time of

10

the day or night.

11

Submit to warrantless search/seizure of residence any time of the day or reasonable hour

12

of the night by any probation/law enforcement officer.

13

Do not possess or use controlled substances or associated paraphernalia without valid

14

prescription.

15

This probation (conditional sentence) ended August 29, 2015.

16

On August 29, 2012, Edgar Perez pled *nolo contendere* (no contest) to California Health

17

and Safety Code section 11550(a), which proscribes use or being under the influence of a

18

controlled substance, a misdemeanor.  Thus, he was convicted of this offense.

19

Edgar Perez was placed on probation (a conditional sentence) for 36 months with identical

20

terms as stated above, but this probation (conditional sentence) ended October 17, 2015.

21

On May 5, 2013, Edgar Perez pled guilty to California Health and Safety Code section

22

11377(a), possession of a controlled substance, a felony.  Thus, he was convicted of this offense.

23

Edgar Perez was placed on probation (a conditional sentence) for 36 months with identical

24

terms as stated above, but this probation (conditional sentence) ended May 2, 2016.

25

You must accept these facts as true.

26

27

28

United States District Court
Northern District of California

**FOREIGN LANGUAGE TESTIMONY**

You are about to hear testimony of a witness who will be testifying in the Spanish language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the Spanish language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

Plaintiffs brings their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

The parties have stipulated that City of Rohnert Park's police officers acted under color of state law.

Plaintiffs are bringing their § 1983 claims against all Defendants.  I will now instruct you on the law applicable to these claims.

United States District Court
Northern District of California

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on their claim under 42 U.S.C. § 1983 against the defendants Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     the officer defendant(s) acted under color of state law; and

2.     the acts of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass deprived Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the officer defendants acted under color of state law.

If you find Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove against any officer defendant as explained below, your verdict should be for Plaintiffs against that specific officer defendant.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements for an officer defendant, your verdict should be for that specific officer defendant on the § 1983 claim.

1

2

3 **PARTICULAR RIGHTS—FOURTH AMENDMENT AND CALIFORNIA**

4 **CONSTITUTION PROHIBITION AGAINST UNREASONABLE SEARCHES AND**

5 **SEIZURES – UNREASONABLE SEARCHES AND SEIZURESS**

6

7 As previously explained, Plaintiffs have the burden of proving that the acts of the

8 Defendants City of Rohnert Park, Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass

9 deprived Plaintiffs of particular rights under the United States Constitution and California

10 Constitution.

11 In this case, Plaintiffs allege that all Defendants deprived them of their rights under the

12 Fourth Amendment to the U.S. Constitution and California Constitution when the officers

13 searched Plaintiffs' home on November 4, 2014, which Plaintiffs allege was unreasonable under

14 the totality of the circumstances.

15 Under the Fourth Amendment of the U.S. Constitution and California Constitution, a

16 person has the right to be free from an unreasonable search of his or her residence.  In order to

17 prove that Defendants deprived Plaintiffs of their Fourth Amendment right and right under the

18 California Constitution, Plaintiffs must prove the following additional elements by a

19 preponderance of the evidence:

20 1. Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass searched Plaintiffs'

21 residence;

22 2. in conducting the search, Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass

23 acted intentionally; and

24 3. the search was unreasonable.

25 A person acts "intentionally" when the person acts with a conscious objective to engage in

26 particular conduct.  Therefore, Plaintiffs must prove that Defendants intended to search the

27 Plaintiffs' residence.

28 Under the U.S. Constitution and California Constitution, police officers normally need a

search warrant to search a home (personal residence).  A person has a right to privacy is his or her

own home.   A search warrant is one way that courts make sure that police officers have a

legitimate reason to enter a home.  A judge or magistrate judge reviews an application for a search

warrant and signs the search warrant only if certain standards are met.

However, the right to privacy in one's home is not absolute.  In addition, the expectation of

privacy in one's home may be higher or lower in certain circumstances.  There are exceptions to

the requirement for a search warrant.

For example, there may be "exigent circumstances," or emergencies that allow law

enforcement officers to enter a home.

Another exception pertains to consent.  Police officers may search a personal residence

without a warrant if the person living in the house (the habitant) gives permission (consent) for the

search.  If there are two people living in the personal residence and one gives consent but the other

is physically present and refuses to give consent, then there is no consent to enter and search the

home.

Another exception pertains to probation.  When a person is placed on probation

(probationer), there are conditions.  One of those conditions might be that the probationer agrees

that law enforcement officers can search his or her home without a warrant (search condition).  If

there is such a probation condition, that condition alone does not give police officers the automatic

right to search but lowers the expectation of privacy that the probationer has in the personal

residence.

Whether a search is reasonable under the U.S. Constitution and California Constitution is

based on the "totality of the circumstances."  Whether a search is reasonable is determined by

assessing, on the one hand, the degree to which is intrudes upon an individual's privacy, and, on

the other hand, the degree to which the search is necessary to promote a legitimate governmental

interest.  As I said before, the right to privacy in one's home is not absolute, and so the test is one

of the "totality of circumstances."  In determining whether the search was unreasonable, you

should consider all of the circumstances or the totality of the circumstances, including:

(a)      Whether Edgar Perez was on probation with a search condition at the time of the

25

United States District Court
Northern District of California

search and what the terms of the search condition were.

(b)    Whether Edgar Perez lived at Plaintiffs' residence and whether the officers had a reasonable belief that Edgar Perez lived at Plaintiffs' residence.

(c)    Whether the probationer was (or was not) on probation for a violent felony. Probationers on probation for lower level or non-violent offenses are recognized as having a higher expectation of privacy than probationers on probation for a violent felony.

(d)    Whether Plaintiffs knew about the search condition of Edgar Perez.

(e)    Whether the probation search is made without suspicion of a commission of a crime and the justification for the search.  If there is no suspicion of a commission of a crime, police officers have a weaker interest in performing probation searches than they have where, at the time they perform the search, officers suspect the probationer has committed a crime.  Conversely, if there is suspicion of a commission of a crime, police officers have a stronger interest in performing probation searches.

(f)    Whether the police officers were investigating Edgar Perez for violating the other terms of his probation.

(g)    Whether the Plaintiffs consented to the search.

(h)    Whether the police officers knocked and announced their entry and whether they gave sufficient time for the Plaintiffs to respond.

(i)    Whether exigent circumstances existed at the time of the search.

(j)    The scope of the search, including the areas the police officers searched.  Where a residence is shared by an individual who is not on probation, officers can search common areas of the shared home if the search otherwise is reasonable.  However, as to a particular area or item that is not clearly a common space, officers must have a reasonable suspicion that the area or item is owned, possessed or within the control of the probationer, in order for it to fall within the permissible bounds of a probation search.

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(k)   The manner of the search, including the level of force used (or not used).

(l)   The length of time for the search.

(m)   The police officers' prior contacts with and specific knowledge of the probationer and his potential for cooperation or violence.

(n)   Detention of the Plaintiffs during the search.  Law enforcement officers may constitutionally detain the occupants of a home during a parole or probation compliance search under reasonable circumstances.  In determining whether a detention of persons during a probation search is reasonable, you should consider the nature of the articulable and individualized suspicion justifying the detention.

(o)   Whether the primary purpose of the search was to harass the Plaintiffs.  If you find that the primary purpose of the probation search was to harass, then the search was not reasonable.

1

2    **SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED**

3    **ON UNLAWFUL OFFICIAL POLICY, PRACTICE, OR CUSTOM – ELEMENTS AND**

4    **BURDEN OF PROOF**

5

6    In order to prevail on their § 1983 claim against defendant City of Rohnert Park alleging

7    liability based on an official policy, practice, or custom, Plaintiffs must prove each of the

8    following elements by a preponderance of the evidence:

9    1.    Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass acted under color of state

10   law;

11   2.    the act(s) of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass deprived

12   Plaintiffs of their particular rights under the United States Constitution as explained in earlier

13   instructions;

14   3.    Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass acted pursuant to an

15   expressly adopted official policy or a widespread or longstanding practice or custom of the

16   defendant City of Rohnert Park; and

17   4.    the defendant City of Rohnert Park's official policy or widespread or longstanding

18   practice or custom caused the deprivation of Plaintiffs' rights by Jacy Tatum, David Rodriguez,

19   and/or Matthew Snodgrass; that is, the City of Rohnert Park's official policy or widespread or

20   longstanding practice or custom is so closely related to the deprivation of Plaintiffs' rights as to be

21   the moving force that caused the ultimate injury.

22   A person acts "under color of state law" when the person acts or purports to act in the

23   performance of official duties under any state, county, or municipal law, ordinance or regulation.

24   The parties have stipulated that Jacy Tatum, David Rodriguez, and Matthew Snodgrass acted

25   under color of state law.

26   "Official policy" means a formal policy, such as a rule or regulation adopted by the

27   defendant City of Rohnert Park, resulting from a deliberate choice to follow a course of action

28   made from among various alternatives by the official or officials responsible for establishing final

United States District Court
Northern District of California

28

1   policy with respect to the subject matter in question.

2       "Practice or custom" means any longstanding, widespread, or well-settled practice or

3   custom that constitutes a standard operating procedure of the defendant City of Rohnert Park.

4       If you find that Plaintiffs have proved each of these elements, your verdict should be for

5   Plaintiffs.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of

6   these elements, your verdict should be for the defendant City of Rohnert Park.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

## SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claim against defendant City of Rohnert Park alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass acted under color of state law;

2.     the acts of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass deprived Plaintiffs of their particular rights under the United States Constitution-as explained in later instructions;

3.     Chief Brian Masterson acted under color of state law;

4.     Chief Brian Masterson had final policymaking authority from defendant City of Rohnert Park concerning the acts of Jacy Tatum, David Rodriguez, and Matthew Snodgrass; and

5.     Chief Brian Masterson ratified Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass's acts, that is, Chief Brian Masterson knew of and specifically made a deliberate choice to approve Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass's acts and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant's official (Chief Brian Masterson) and the officer Defendants acted under color of state law.

I instruct you that Chief Brian Masterson had final policymaking authority from defendant City of Rohnert Park concerning the acts at issue and, therefore, the fourth element requires no proof.

If you find that Plaintiffs have proved each of these elements, your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant City of Rohnert Park.

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON A POLICY THAT FAILS TO PREVENT VIOLATIONS OF LAW OR A POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against defendant City of Rohnert Park alleging liability based on a policy of a failure to train its police officers, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      the acts of City of Rohnert Park's police officers deprived Plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

2.      City of Rohnert Park's police officers acted under color of state law;

3.      the training of the defendant City of Rohnert Park was not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.      the defendant City of Rohnert Park was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.      the failure of the defendant City of Rohnert Park to provide adequate training caused the deprivation of the Plaintiffs' rights by the City of Rohnert Park's police officers; that is, the defendant's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that City of Rohnert Park's police officers acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  Plaintiffs may prove deliberate indifference in this case by showing that the

defendant City of Rohnert Park knew its failure to train adequately made it highly predictable that its police officers would engage in conduct that would deprive persons such as Plaintiffs of their rights.

If you find that Plaintiffs have proved each of these elements, your verdict should be for Plaintiffs.  If, on the other hand, Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant City of Rohnert Park.

1

2

## STATE LAW CLAIMS

3       Plaintiffs also bring state law claims, including the following: (1) a claim for an

4  unreasonable search under the California Constitution, (2) a claim for invasion of privacy under

5  the California Constitution, and (3) a claim for negligence.

6       Plaintiffs' claim for an unreasonable search under the California Constitution follows the

7  same standards as their federal claim for an unreasonable search described above.  Therefore, no

8  additional instruction is necessary for this state law claim.  I will now instruct you on the law

9  applicable to Plaintiffs' claim for negligence and for invasion of privacy under the California

10  Constitution.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NEGLIGENCE

Plaintiffs claim that they were harmed by negligence of Jacy Tatum, David Rodriguez, and Matthew Snodgrass.  To establish this claim, Plaintiffs must prove all of the following:

1.      That Jacy Tatum, David Rodriguez, or Matthew Snodgrass were negligent;

2.      That Plaintiffs were harmed; and

3.      That the negligence of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass was a substantial factor in causing Plaintiffs' harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

A person's negligence may combine with another factor to cause harm.  If you find that Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass's negligence was a substantial factor in causing Plaintiffs' harm, then that defendant is responsible for the harm.  The defendant cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Plaintiffs' harm.

1

2                                **STANDARD OF CARE FOR NEGLIGENCE**

3

4        A police officer is negligent if he fails to use the skill and care that a reasonably careful

5   police officer would have used in similar circumstances.  This level of skill, knowledge, and care

6   is sometimes referred to as "the standard of care."

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Invasion of Privacy**

**(California Constitution, Article 1, Section 1)**

Raul and Elva Barajas claim that Jacy Tatum, David Rodriguez, and Matthew Snodgrass violated their rights to privacy.  To establish this claim, Raul and Elva Barajas must prove all of the following:

1. That Raul and Elva Barajas had a reasonable expectation of privacy in their residence;

2. That Jacy Tatum, David Rodriguez, and Matthew Snodgrass intentionally intruded in plaintiffs' residence;

3. That Jacy Tatum, David Rodriguez, and Matthew Snodgrass's intrusion would be highly offensive to a reasonable person;

4. That Raul and Elva Barajas were harmed; and

5. That Jacy Tatum, David Rodriguez, and Matthew Snodgrass's conduct was a substantial factor in causing Raul and Elva Barajas's harm.

In deciding whether Raul and Elva Barajas had a reasonable expectation of privacy in their residence, you should consider, among other factors, the following:

(a) The identity of Jacy Tatum, David Rodriguez, and Matthew Snodgrass;

(b) The extent to which other persons had access to plaintiffs' residence and could see or hear Raul and Elva Barajas; and

(c) The means by which the intrusion occurred.

In deciding whether an intrusion is highly offensive to a reasonable person, you should consider, among other factors, the following:

(a) The extent of the intrusion;

(b) Jacy Tatum, David Rodriguez, and Matthew Snodgrass's motives and goals; and

(c) The setting in which the intrusion occurred.

United States District Court
Northern District of California

1

2

### DAMAGES – PROOF

3       It is the duty of the Court to instruct you about the measure of damages.  By instructing

4  you on damages, the Court does not mean to suggest for which party your verdict should be

5  rendered.

6       If you find for Plaintiffs on their federal and state law claims, you must determine

7  Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the

8  evidence.  Damages means the amount of money that will reasonably and fairly compensate

9  Plaintiffs for any injury you find was caused by any Defendant. You should consider the

10  following:

11       The nature and extent of the injuries; and

12       The mental and emotional pain and suffering experienced and that with reasonable

13  probability will be experienced in the future.

14       It is for you to determine what damages, if any, have been proved.

15       Your award must be based upon evidence and not upon speculation, guesswork or

16  conjecture.

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PUNITIVE DAMAGES – FEDERAL CLAIMS

If you find for Plaintiffs on their § 1983 claims, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed Plaintiffs oppressive or in reckless disregard of Plaintiffs' rights.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.  Punitive damages may be awarded even if you award Plaintiffs only nominal, and not compensatory, damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages.  If you find for Plaintiffs but you find that Plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications,

41

1    then your verdict may be influenced by inaccurate, incomplete or misleading information that has

2    not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

3    jury, and if you decide the case based on information not presented in court, you will have denied

4    the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

5    important that you follow these rules.

6       A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any

7    juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

2

## RETURN OF VERDICT

3
  A verdict form has been prepared for you.  After you have reached unanimous agreement

4
on a verdict, your presiding juror or foreperson should complete the verdict form according to

5
your deliberations, sign and date it, and advise the clerk that you are ready to return to the

6
courtroom.

7
  **IT IS SO ORDERED**.

8
Dated: October 16, 2018



9

10
_____
SALLIE KIM
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California