DAVID F. BEACH, ESQ. (SBN 127135)
SCOTT A. LEWIS, ESQ. (SBN 149094)
OSCAR A. PARDO, ESQ. (SBN 249955)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, California 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorneys for Defendants
CITY OF ROHNERT PARK, JACY
TATUM, DAVID RODRIGUEZ,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department,<br><br>Defendants.<br>_____/ | Case No.  3:14-cv-05157 SK<br>Honorable Judge Sallie Kim<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF ON DEFENDANTS' EMERGENCY MOTION TO CONTINUE TRIAL**<br><br>Trial<br>DATE:       October 23, 2018<br>TIME:        9:30 A.M.<br>CTRM:      C, 15th Floor |

## I.

## **INTRODUCTION**

Defendants City of Rohnert Park, Jacy Tatum, and David Rodriquez, hereby file the present Motion for Administrative Relief to Hear Defendants' Emergency Motion to Continue Trial.  Pursuant to Local Rule 7-11 Defendants hereby move this Court for administrative relief to hear Defendants' Emergency Motion to Continue Trial.

Good cause exists for hearing Defendants' Emergency Motion to Continue Trial as an exigent and unforeseen circumstance involving a key material witnesses has now emerged

1

which will cause this witness to be unavailable for the trial set to begin on Tuesday, October 23, 2018.

## I.  BACKGROUND

On October 19, 2018, just four days prior to trial, Defendants learned that a critical material witness has become physically unavailable to attend and participate in trial scheduled for October 23, 2018. The witness is Chief of Public Safety Brian Masterson.

Chief Masterson is the City's representative and key witness regarding the *Monell* claim in this action. Chief Masterson called Defendant's Counsel, Mr. Scott A. Lewis, on October 19th and informed that his mother, who lives in New Jersey, is suffering from the debilitative effects of Alzheimer's and that her health is rapidly deteriorating. Chief Masterson's father died in January of 2018 and his mother presently lives alone. The Alzheimer's has become progressively worse and Chief Masterson informed that she now forgets to take medication and is prone to double-dosing. Chief Masterson now believes that due to her debilitating condition, the approaching hard winter season, and other disabilities, he must now move her from her the family home to an assisted living facility immediately.

The parties have met and conferred regarding other potential witnesses who could take Chief Masterson's place or the use of televised testimony or his deposition. Because his deposition would violate the Court's motion in limine order No. 1 (defendant's motion—granted). There is no other suitable alternative available to present this evidence.

## I.  LEGAL ARGUMENT

The decision to postpone a trial is within the discretion of the court. *United States v. Kloehn* (9th Cir 2010) 620 F.3d 1122, 1126; *Rhodes v. Amarillo Hospital District* (5th Cir 1981) 654 F.2d 1148, 1153.  While the *Kloehn* Court recognized that there are no "mechanical tests," *id.*, for deciding whether to grant a postponement, the Ninth Circuit established a four-part test for reviewing denials of continuances in *United States v. Flynt* (9th Cir 1985) 756 F.2d 1352, 1357. The four-part test was applied in a civil case by the Ninth Circuit in *Danjaq LLV. Sony Corp.* (9th Cir 2001) 263 F.3d 942, 961. By implication, those four factors should

1  also guide the District Court's decision whether to grant the postponement in the first place.

2  In *Kloehn*, the Ninth Circuit stated the four-part test as follows:

> "Pursuant to *Flynt*, we first ask whether *Kloehn* was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic. [] Second, we inquire into the usefulness of the continuance, asking how likely it was that the purpose of the continuance would have been achieved had it been granted. [] Third, we look to 'the extent to which granting the continuance would have inconvenienced the Court and the opposing party." []  Finally, we inquire whether *Kloehn* was prejudiced by the denial." *Kloehn*, supra, 620 F.3d at 1127.

It is respectfully submitted that Defendants' request for a postponement satisfies the four-part test. Defendants have been diligent in preparing for trial, including bringing motions based on significant legal issues. The request for a postponement is not a delaying tactic, as Defendants' primary witness, Chief Masterson, is has become unavailable to appear at trial to a family medical emergency in New Jersey. The purpose of the continuance is simply to allow Defendants to present their case and defense with the invaluable assistance of a critical witnesses, who but for an exigent circumstance, is unable to present at trial as presently scheduled. Chief Masterson is a representative of the City and the only one who can testify as to these crucial defenses for the Defendants.

The opposing party should not be inconvenienced by the postponement as Defendants are simply requesting a brief continuance to allow Chief Masterson to either resolve or control the emergency situation before returning from New Jersey.

Defendants respectfully submit that the continuance, though it may pose some level of inconvenience, to the Court and Plaintiffs, if not granted will pose substantial prejudice to Defendant's ability to present its defenses at trial.

A showing of material prejudice from a denial of a continuance weighs in favor of granting the request. *Phillips v. Ferguson* (10th Cir 1999) 182 F.3d 769, 774. Without the continuance, Defendants are potentially deprived of critical testimony from a central witness on

information which was not elicited at his deposition.

## II. CONCLUSION

For reasons stated herein Defendants respectfully request that this Motion for Administrative Relief be granted.

                                                          PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP

DATED: October 19, 2018        By:  */s/* Scott A. Lewis
                                                              DAVID F. BEACH
SCOTT A. LEWIS
OSCAR A. PARDO
Attorneys for Defendants
CITY OF ROHNERT PARK, JACY
TATUM, DAVID RODRIGUEZ,
MATTHEW SNODGRASS