DAVID F. BEACH, ESQ. (SBN 127135)
SCOTT A. LEWIS, ESQ. (SBN 149094)
OSCAR A. PARDO, ESQ. (SBN 249955)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, California 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorneys for Defendants
CITY OF ROHNERT PARK, JACY TATUM, DAVID RODRIGUEZ,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department,<br><br>Defendants.<br>_____/ | Case No.  3:14-cv-05157 SK<br>Honorable Judge Sallie Kim<br><br>**DECLARATION OF SCOTT A. LEWIS IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO CONTINUE TRIAL**<br><br>Trial<br>DATE:   October 23, 2018<br>TIME:    9:30 A.M.<br>CTRM:   C, 15th Floor |

I, SCOTT A. LEWIS, declare:

1. I am admitted to practice law in the State of California.  I am a partner in the law firm of Perry, Johnson, Anderson, Miller & Moskowitz, LLP, 438 1st Street, 4th Floor, Santa Rosa, California, attorneys of record for Plaintiff in this action. I have personal knowledge as to the facts of this case and where indicated allege them on information and belief, and if asked, can testify competently to the matters set forth herein.

2. I am lead trial counsel for Defendants and now provide the following affidavit in

support of Defendants' Emergency Motion to Continue Trial.

3. Late in the evening of Wednesday, October 17, 2018, Chief Brian Masterson left me a message at my office via voice mail. Chief Masterson told me that he was on an emergency trip to care for his ailing mother in New Jersey and would be unavailable for trial. He told me that he would be returning to Sonoma County in mid-November. I called him back in an effort to arrange video testimony.

4. Today, I spoke to Chief Masterson on the telephone. He told me that his father died in January of 2018. Since that time, his mother, 82 years of age, has been quickly deteriorating. She is suffering from Alzheimers and is living by herself. Masterson told me that his mother is forgetting to take her medication and failing to remember what medication she has taken. Further, because she lives alone, Chief Masterson must return to New Jersey to care for her and arrange for her to live in an assisted facility. He further tells me that this is urgent because the weather in New Jersey is turning and getting very cold there. Chief Masterson told me that his mother has no one else to assist at this time. Regarding a video link, Chief Masterson said that his mother's emergency is fluid and developing and he cannot predict his availability.

5. Chief Brian Masterson was the Chief of Public Safety in 2014 when the search in controversy was conducted. He was the administrator in charge who reviewed the policies of the organization, reviewed the conduct and report of the officers and made the determinations whether policies and procedures were violated.

6. Chief Masterson is also Defendants' principal witness in defense of the *Monell* allegations in Plaintiffs' complaint. Without his testimony, Defendants would be severely prejudiced in defending the City against the *Monell* allegations. Indeed, his testimony and the potential direct and cross examination of such testimony is of vital importance to the defense because the Chief's testimony is the only credible evidence in defense of a Monell claim. Lower ranking members of the organization are insufficient.

7. I am informed and believe that if called as a witness, Chief Masterson would testify in substance as follows: As the Chief of Public Safety, he is responsible for the policies

and procedures of the organization. It is his judgment what policies to follow, what policies to change. It is his judgment to define the parameters of probation searches and the need for them. It is his job to determine how the resources of his officers will be expended. Further, Chief Masterson investigated and reviewed the reports and actions of the officers. It is his testimony that will explain that the Department's policies have followed state standards and the actions of the officers therefore followed state law. For these reasons, Chief Masterson will testify that his officers actions were proper.

8. Upon learning of Chief Masterson's unexpected unavailability, I contacted the current Chief, Jeffrey Weaver, on Friday October 19th to determine if he could appear. He would testify to the same matters as Chief Masterson.

9. On Friday, October 19, 2018, Plaintiffs' counsel responded that they were agreeable to the substitute witness. Chief Weaver immediately told me that he was no longer available to testify. He told me that his wife has had a long standing medical condition and was set for spinal surgery on January 19th, 2019. However, an opening at the Arizona Mayo Clinic came available. Chief Weaver and his wife must and are immediately responding to this medical issue and therefore will not be available for trial.

10. There is no other individuals who can testify to the facts and issues as noted above. These issues are contested and in issue, and Defendants cannot safely proceed to trial without Chief Masterson.

11. I am informed and believe that Chief Masterson will be returning to Sonoma County in mid-November though, because of the nature of the emergency, he cannot predict with certainty.

12. Mr. Masterson is not absent with defenses procurement, connivance, or consent, and this application is not made for the purpose of delay, but in good faith and in the interests of justice.

13. In meet and confer efforts with Counsel for Plaintiff, he suggested that I use the video tape of Chief Masterson. However, that video was taken for the purpose of questioning

Masterson about the Randolph Rule. Much of the video relates to the Court's grant of Defendant's motion in limine No. 1 which disallows any testimony regarding the Randolph Rule. Therefore, the video and much of the written transcript is unusable because it will violate the Court's order.

14. Counsel also told me that attorney Caitlin Blythe is pregnant and due at the end of November. Any potential continuance to November could potentially make her unavailable. Therefore, Plaintiff refused to agree to the continuance.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 19th day of October 2018 at Santa Rosa, California.

　　　　*/s/ Scott A. Lewis*　　　　
Scott A. Lewis