DAVID F. BEACH, ESQ. (SBN 127135)
SCOTT A. LEWIS, ESQ. (SBN 149094)
OSCAR A. PARDO, ESQ. (SBN 249955)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, California 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorneys for Defendants
CITY OF ROHNERT PARK, JACY TATUM, DAVID RODRIGUEZ, MATTHEW SNODGRASS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department,<br><br>Defendants.<br>_____/ | Case No. 3:14-cv-05157 SK<br>Honorable Judge Sallie Kim<br><br>**DEFENDANTS' BRIEF OBJECTING TO THE PROPOSED NEGLIGENCE JURY INSTRUCTION**<br><br>Trial<br>DATE: October 23, 2018<br>TIME: 9:30 A.M.<br>CTRM: D, 15th Floor |

Defendants object to the proposed jury instruction on negligence and submit this brief to secure an opportunity pursuant to Federal Rules of Civil Procedure, Rule 51, to object on the record and out of the jury's hearing before instructions and arguments are delivered.

This objection on the proposed instruction, CACI 600, is being made because the necessary section of the instruction that provides guidance on the standard of care has been removed.

1

## I. LEGAL ANALYSIS ON THE NEGLIGENCE JURY INSTRUCTION

Plaintiffs have previously argued CACI 400 applies to the state claim for negligence. Defendants have advanced CACI 600 as the correct instruction, and the Court has previously agreed that CACI 600 is the correct instruction.

Defendants agree with the Court's conclusion that CACI 600 is the correct instruction to give the jury on the Plaintiffs' Negligence claim. (Doc 221 at 1:21-22). Defendants also agree with Court assessment that "police officers receive *specialized* training and have *specialized* duties far beyond those of laypeople." (Doc 221 at 1:26-27; Emphasis added).

However, the Court's refusal under the stated circumstances to issue the full CACI 600 instruction to the jury invites error. The Court's Order essentially removes the key portion of CACI 600 which defines the "duty" element of the negligence claim. It is Plaintiff's burden to establish each element of an asserted cause of action. A jury instruction which is devoid of a necessary element misstates the legal standard of proof and impairs the jury's ability to assessment and make a determination on whether a plaintiff met its burden of proof.

Plaintiffs' negligence claim seeks a determination of whether the police conduct is reasonable—a negligent police officer is an unreasonable one. A jury can determine reasonable conduct. Reasonableness, however, is not the sole inquiry or issue for the professional negligence claim. The elements of negligence control. As the Court knows, a negligence claim is proven by four elements: (1) duty; (2) breach; (3) causation; and (4) harm. See CACI 400.

To establish a duty of care—in this case a professional duty of care—someone must prove the existence of a duty of care and then explain how that duty was breached, ie define the contours of the duty. Importantly, a California probation search is not analyzed by a balancing of interests, nor is it determined by reasonableness. A probationer consents to the waiver of his or her Fourth Amendment rights. *People v. Bravo* (1987) 43 Cal.3d 600, and *People v. Woods* (1999) 21 Cal.4th 668, inform us that a search incident to a probation term is lawful except if it is harassing or arbitrary or capricious.

In this context, under state law, how will a jury determine whether a professional duty

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

of care exists under the *negligence* claim being made? Indeed, how can a jury determine if that duty has been breached? In the testimony to be presented, Chief Brian Masterson will testify that the policy of probation searches is determined by state law. That policy changes and evolves with case decisions. The search policy—the manner in which the search was conducted—is based on this policy. Thereafter, Sergeant Jeff Justice will testify that his organization trains officers through the police academy, through on the job training in the field training program and then in continuing education. The training is then practically ratified by working with other agencies.

The truncated instruction invites error: how can Plaintiff—who has the burden—prove that this standard of care is improper or inadequate, how it was breached and, typically, what should have been done differently? If they pursue the claim of negligence through trial, they must be prepared to make their case on the requirements for this specific cause of action. Any attempt to lump all claims together, and the different standards and requirements for same in one instruction, is disingenuous and also a complete incorrect application of law.

In previous briefing on this issue, Plaintiffs support their argument for the instruction on this cause of action by citing use of force cases and search cases. Plaintiffs' cited cases do not support their obligation under negligence. In *US v. Mayer* (9th Cir 2009) 560 F.3d 948, Defendant was a drug dealer whose home was searched pursuant to a warrant and then, later, pursuant to his probation conditions. The issue in that case was whether the Officers had probable cause to conduct a probation search pursuant to Oregon law. The Court did not discuss a negligence claim, nor expert testimony.

In *Allgoewer v. City of Tracy* (2012) 207 Cal. App. 4th 755, the issue before the Third District was use of force, not a probation search.  In fact, the supporting cases cited by the Third District for out of state cases all involved use of force- not negligence. This matter is coming up on four years of litigation, it has been referred to the Court of Appeals and rejected. It has been subjected to five motions for summary judgment. It almost goes without saying that it is "unusually complex or esoteric".

In *Robinson v. City of West Allis* (2002) 239 Wis.2d 595, the issue before the

3

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

1  Wisconsin Supreme Court was also one of excessive force.  The court's discussion, as cited by
2  the Plaintiffs, was specific to a claim for excessive force and had nothing to do with a claim
3  for negligence and the standard of care for professionals.
4      Simply put, the jury needs the full complete instruction of CACI 600.

## II.  CONCLUSION

For the foregoing reasons, Defendants request to secure an opportunity under Federal Rules of Civil Procedure, Rule 51, to formalize the objection to the proposed negligence instruction distinctly and according to the discussion above.

                              PERRY, JOHNSON, ANDERSON,
                              MILLER & MOSKOWITZ, LLP

DATED: October 22, 2018      By:  */s/* Scott A. Lewis
                                  DAVID F. BEACH
                                  SCOTT A. LEWIS
                                  OSCAR A. PARDO
                                  Attorneys for Defendants
                                  CITY OF ROHNERT PARK, JACY TATUM, DAVID RODRIGUEZ, MATTHEW SNODGRASS