DAVID F. BEACH, ESQ. (SBN 127135)
SCOTT A. LEWIS, ESQ. (SBN 149094)
OSCAR A. PARDO, ESQ. (SBN 249955)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, California 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorneys for Defendants
CITY OF ROHNERT PARK, JACY
TATUM, DAVID RODRIGUEZ,
MATTHEW SNODGRASS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department,<br><br>        Defendants.<br>_____ / | Case No.  3:14-cv-05157 SK<br>Honorable Judge Sallie Kim<br><br>**DEFENDANTS' BRIEF OBJECTING TO THE PROPOSED JURY INSTRUCTION REGARDING FOURTH AMENDMENT AND UNREASONABLE SEARCHES**<br><br>Trial<br>DATE:     October 23, 2018<br>TIME:      9:30 A.M.<br>CTRM:     D, 15th Floor |

Defendants object to the proposed jury instruction entitled "PARTICULAR RIGHTS- FOURTH AMENDMENT AND CALIFORNIA CONSTITUTION PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES- UNREASONABLE SEARCHES AND SEIZURES" and submit this brief to secure an opportunity pursuant to Federal Rules of Civil Procedure, Rule 51, to object on the record and out of the jury's hearing before instructions and arguments are delivered.

This objection on the proposed instruction is being made because it mixes application of California and Federal law.

## I. LEGAL ANALYSIS ON THE PROPOSED JURY INSTRUCTION AT ISSUE

The relevant portion of the California Constitution, Article I, is identical to the Federal Constitution Amendment IV. Yet, California analyzes probation searches completely differently than federal courts. As the Court knows, the search at issue in this case was a probation search. Plaintiff has two causes of action based on California law. The first is a violation of the California Constitution and the second is negligence.

With regard to Plaintiffs' California causes of action, a federal court applying California law must apply the law as it believes the California Supreme Court would apply it; in the absence of a controlling California Supreme Court decision, the panel must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids. *Kairy v. SuperShuttle Intern.* (9th Cir 2011) 660 F.3d 1146, 1150, citing *Gravquick A/S v. Trimble Navigation Intern. Ltd.* (9th Cir 2003) 323 F.3d 1219, 1222. Therefore, as discussed below, in California a probation search is analyzed under the concept of a waiver of the Fourth Amendment.

When a challenge is made to a warrantless search of a residence, the legality of that search must fall within one of the recognized exceptions to the warrant requirement. *People v. James* (1977) 19 Cal.3d 99, 106, fn. 4; *People v. Rios* (2011) 193 Cal.App.4th 584, 590. A probation search is one of those exceptions. *People v. Schmitz* (2012) 55 Cal.App.4th 909, 916; *People v. Woods* (1999) 21 Cal.App.4th 668, 674-675. This is because a "probationer ... consents to the waiver of his Fourth Amendment rights in exchange for the opportunity to avoid service of a state prison term," except insofar as a search might be "undertaken for harassment or ... for arbitrary or capricious reasons." *People v. Bravo* (1987) 43 Cal.3d 600, 608-610; *People*

*v. Medina* (2007) 158 Cal.App.4th 1571, 1577.

This necessarily means that the probationer is understood to have consented to all searches within the scope of the probation search condition, as interpreted on an objective basis. *People v. Sandee* (2017) 15 Cal. App.5th 294, citing *Bravo*, supra, 43 Cal.3d at p. 610.

Eleven years after *Bravo*, in *People v. Reyes* (1998) 19 Cal.4th 743, the California Supreme Court held that there was no difference between probation and parole searches and thus announced a singular standard for probation/parole searches. In addition, the Court held that (1) particularized suspicion is not required to conduct a search based on a properly imposed search condition, and (2) searches conducted for a proper purpose do not intrude on any expectation of privacy that society was prepared to recognize as reasonable. *Id.* at 754.

The proper purpose of a probation search obviously can be based on probable cause or reasonable suspicion. But, a search can also be made solely for the purpose of "deterring further offenses by the probationer and in monitoring compliance with the terms of probation. By allowing close supervision of probationers, probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers. *People v. Robles* (2000) 23 Cal.4th 789, 795. "A condition of probation that enables a probation officer to supervise his or her charges effectively is, therefore, 'reasonably related to future criminality.'" *People v. Olguin* (2008) 45 Cal.4th 375, 380-381. Probation search conditions are intended "'to deter the commission of crimes and to protect the public, and the effectiveness of the deterrent is enhanced by the potential for random searches. *People v. Ramos* (2004) 34 Cal.4th 494, 506.

Also called a compliance search, the terms of Edgar Perez search condition included law enforcement such as the Rohnert Park Police. In other words, Edgar Perez waived his fourth amendment rights to the search of his residence in exchange for his probation.

Based on this waiver of Perez' Fourth Amendment, he relinquished his privacy interests below that of an "ordinary" citizen. The privacy interests of parolee and probationers are limited to the following constitutional inquiries (1) is the search made too often, (2) was it conducted at an unreasonable hour, (3) was it unreasonably lengthy or (4) other reasons establishing arbitrary

or oppressive conduct by the searching officer such as motivations unrelated to rehabilitative, reformative or legitimate law enforcement purposes, or when the search is motivated by personal animosity toward the parolee. *Reyes*, supra, 19 Cal.4th at p. 754.

Importantly, California law does not follow the balancing approach to searches based on probation. *United States v. Lara* (9th Cir. 2016) 815 F.3d 605. They are bound by California Supreme Court precedence. *Forsyth v. Jones* (1997) 57 Cal.App.4th 776, 782-783. "Under this state's body of law, as set forth in *Bravo*, a search pursuant to a probation search condition is not prohibited by the Fourth Amendment as long as (1) it is not "undertaken for harassment or ... for arbitrary or capricious reasons" (*Bravo,* at p. 610, 238 Cal.Rptr. 282, 738 P.2d 336); and (2) it is within the scope of the search condition, interpreted "on the basis of an objective test" according to "what a reasonable person would understand from the language of the condition itself." *People v. Sandee* (2017) 15 Cal.App.5th 294, 304.

In *People v. Sandee*, the court resolved the question whether a cell phone was within the search condition of a probationer by applying California law and disregarding the federal balancing approach coming to the opposite conclusion of the holding in *Lara*, supra, 815 F.3d.

If the Defendants can search the Barajas home—which they know to be Edgar Perez' home—what is the reasonable expectation of privacy of Plaintiffs? According to California law, their privacy matches that of Perez because they live with him, except to those items which are exclusively controlled by Plaintiffs.

In *People v. Woods* (1999) 21 Cal.4th 668, officers went to the home of Gayle Loza who agreed, as a condition of felony probation, to submit her residence to warrantless searches. During a warrantless search of Loza's residence, police officers uncovered evidence of criminal activity (drugs and firearms) against Cheryl Jeanene Woods and William B. Benson, who shared the residence with Loza.

In approving the search of the home based on the probation clause of another, the court applied *Bravo*, supra, 43 Cal.3d, stating, "…whether the purpose of the search is to monitor the probationer or to serve some other law enforcement purpose, or both, the search in any case remains limited in scope to the terms articulated in the search clause [] and to those areas of the

4

1  residence over which the probationer is believed to exercise complete or joint authority (*United
2  States v. Matlock*, supra, 415 U.S. at pp. 170–171 [94 S.Ct. at pp. 992-993]; *People v. Boyer*,
3  supra, 48 Cal.3d at p. 276; *People v. Haskett*, supra, 30 Cal.3d at p. 856.)" *Id.* at 681.

4  "When executing a parole or probation search, the searching officer may look into closed
5  containers that he or she reasonably believes are in the complete or joint control of the parolee
6  or probationer. (*Woods*, supra, 21 Cal.4th at p. 682; *People v. Boyd* (1990) 224 Cal.App.3d 736,
7  749.) This is true because the need to supervise those who have consented to probationary or
8  parolee searches must be balanced against the reasonable privacy expectations of those who
9  reside with, ride with, or otherwise associate with parolees or probationers." *People v. Herrera*
10 2018 WL 3864595, at 4.

11 *Woods* and its progeny have been applied and approved in California courts consistently
12 for over two decades.

## II.   CONCLUSION

For the foregoing reasons, Defendants request to secure an opportunity under Federal Rules of Civil Procedure, Rule 51, to formalize the objection to the proposed instruction entitled "PARTICULAR RIGHTS- FOURTH AMENDMENT AND CALIFORNIA CONSTITUTION PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES- UNREASONABLE SEARCHES AND SEIZURES" distinctly and according to the discussion above.

DATED: October 22, 2018

        PERRY, JOHNSON, ANDERSON,
        MILLER & MOSKOWITZ, LLP

By:  /s/ Scott A. Lewis
     DAVID F. BEACH
     SCOTT A. LEWIS
     OSCAR A. PARDO
     Attorneys for Defendants
     CITY OF ROHNERT PARK, JACY
     TATUM, DAVID RODRIGUEZ,
     MATTHEW SNODGRASS