ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
CBlythe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

Attorneys for Plaintiffs
RAUL BARAJAS
ELVA BARAJAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL BARAJAS and ELVA BARAJAS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ROHNERT PARK, a municipal corporation; and JACY TATUM, DAVID RODRIGUEZ and MATTHEW SNODGRASS, officers with the City of Rohnert Park Police Department, <br><br> Defendants. | Case No. 3:14-cv-05157 SK <br><br> **PLAINTIFFS' BENCH BRIEF REGARDING DETENTION DURING PROBATION SEARCH** <br><br> Judge: Hon. Sallie Kim <br> Dept.: Courtroom D, 15th Floor <br> Trial Date: October 23, 2018 |

At today's charging conference, Defendants asserted that occupants of a home can always be detained during a routine probation search, even where, as here, there is no reasonable suspicion that anyone in the home has committed a crime. *People v. Gutierrez*, 21 Cal. App. 5th 1146 (2018) directly refutes that assertion. In that case, deputies arrived at a home to do a routine probation search. The probationer and a friend were taken outside and the friend, who was not suspected of wrongdoing, was told to sit on the porch. Deputies later determined that the friend was on parole, searched him, and found money in his pocket. Deputies also searched the friend's

car, and found a shotgun round and methamphetamine. The friend's motion to quash was denied.

The appellate court reversed. After extensively summarizing the case law, the court noted that detentions are "seizures" and may be undertaken if there is "articulable suspicion that a person has committed or is about to commit a crime." *Id*. at 920. Citing U.S. Supreme Court precedent, the court noted that "*specific and articulable facts*" have to justify the detention. *Id*. at 921 (emphasis in original; citations omitted). The court recognized certain limited exceptions (such as briefly detaining someone to determine if he or she is a gang member) and held that the 30 to 50 minute detention of the friend was unreasonable.

In our case, Officer Tatum testified that the Plaintiffs and their children were free to leave. Whether or not that is true in fact (and Plaintiffs strongly believe it is not), it illustrates that Defendants do not contend that there were *any* facts justifying a detention. Defendants' suggestion that police can *always* detain everyone in the home for the duration of a probation search is not the law in California. Instead, the jury should be instructed that Plaintiffs and their children could only be detained if there were specific and articulable facts that they have committed or are about to commit a crime.

Dated: October 26, 2018          MORRISON & FOERSTER LLP

By:   /s/ Arturo J. González
      ARTURO J. GONZÁLEZ

      Attorney for Plaintiffs
      RAUL BARAJAS,
      ELVA BARAJAS