UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL BARAJAS, et al.,

              Plaintiffs,

     v.

CITY OF RHONERT PARK, et al.,

              Defendants.

Case No.  14-cv-05157-SK

**COURT'S FINAL JURY INSTRUCTIONS – OCTOBER 26, 2018**

United States District Court
Northern District of California

# DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and arguments, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

2

3        You should decide the case as to each party separately.  Unless otherwise stated, the

4 instructions apply to all parties.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1

2

## CREDIBILITY OF WITNESSES

3

4       In deciding the facts in this case, you may have to decide which testimony to believe and

5   which testimony not to believe. You may believe everything a witness said, or part of it, or none

6   of it.

        In considering the testimony of any witness, you may take into account:

7       (1)     the opportunity and ability of the witness to see or hear or know the things testified

8   to;

9       (2)     the witness's memory;

10      (3)     the witness's manner while testifying;

11      (4)     the witness's interest in the outcome of the case, if any;

12      (5)     the witness's bias or prejudice, if any;

13      (6)     whether other evidence contradicted the witness's testimony;

14      (7)     the reasonableness of the witness's testimony in light of all the evidence; and

15      (8)     any other factors that bear on believability.

16      Sometimes a witness may say something that is not consistent with something else he or

17  she said.  Sometimes different witnesses will give different versions of what happened.  People

18  often forget things or make mistakes in what they remember.  Also, two people may see the same

19  event but remember it differently.  You may consider these differences, but do not decide that

20  testimony is untrue just because it differs from other testimony.

21      However, if you decide that a witness has deliberately testified untruthfully about

22  something important, you may choose not to believe anything that witness said.  On the other

23  hand, if you think the witness testified untruthfully about some things but told the truth about

24  others, you may accept the part you think is true and ignore the rest.

        The weight of the evidence as to a fact does not necessarily depend on the number of

25  witnesses who testify.  What is important is how believable the witnesses were, and how much

26  weight you think their testimony deserves.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JUDICIAL NOTICE**

The court has decided to accept as true the following facts:

On August 29, 2012, Edgar Perez pled *nolo contendere* (no contest) to California Penal Code section 148(a)(1), resisting arrest, a misdemeanor, based on an offense date of November 12, 2010.  Thus, he was convicted of this offense.

Edgar Perez was placed on probation (a conditional sentence) for 36 months with the following condition(s):

Be of good conduct and obey all laws.

Submit to a warrantless search and seizure of person, property, or vehicle at any time of the day or night.

Submit to warrantless search/seizure of residence any time of the day or reasonable hour of the night by any probation/law enforcement officer.

Do not possess or use controlled substances or associated paraphernalia without valid prescription.

This probation (conditional sentence) ended August 29, 2015.

On August 29, 2012, Edgar Perez pled *nolo contendere* (no contest) to California Health and Safety Code section 11550(a), which proscribes use or being under the influence of a controlled substance, a misdemeanor, based on an offense date of June 23, 2012.  Thus, he was convicted of this offense.

Edgar Perez was placed on probation (a conditional sentence) for 36 months with identical terms as stated above, but this probation (conditional sentence) ended October 17, 2015.

On May 5, 2013, Edgar Perez pled guilty to California Health and Safety Code section 11377(a), possession of a controlled substance, a felony, based on an offense date of May 21, 2015.  Thus, he was convicted of this offense.

Edgar Perez was placed on probation (a conditional sentence) for 36 months with identical terms as stated above, but this probation (conditional sentence) ended May 2, 2016.

You must accept these facts as true.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You heard and/or saw the depositions of Brian Masterson and Jeffrey Justice.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

1

**FOREIGN LANGUAGE TESTIMONY**

2

3

You heard testimony of witnesses who testified in the Spanish language.  Witnesses who

4

do not speak English or are more proficient in another language testify through an official court

5

interpreter.  Although some of you may know the Spanish language, it is important that all jurors

6

consider the same evidence.  Therefore, you must accept the interpreter's translation of the

7

witness's testimony.  You must disregard any different meaning.

8

You must not make any assumptions about a witness or a party based solely on the use of

9

an interpreter to assist that witness or party.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiffs are bringing their § 1983 claims against all Defendants.  I will now instruct you on the law applicable to these claims.

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on their claim under 42 U.S.C. § 1983 against the defendants Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    the officer defendant(s) acted under color of state law; and

2.    the acts of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass deprived Plaintiffs of their particular rights under the United States Constitution as explained in earlier instructions.

The parties have stipulated that the officer defendants acted under color of state law.

If you find Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove against any officer defendant as explained below, your verdict should be for Plaintiffs against that specific officer defendant.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements for an officer defendant, your verdict should be for that specific officer defendant on the § 1983 claim.

1
2
3
4

**PARTICULAR RIGHTS—FOURTH AMENDMENT'S PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES – UNREASONABLE SEARCHES AND SEIZURES**

5   As previously explained, Plaintiffs have the burden of proving that the acts of the
6   Defendants City of Rohnert Park, Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass
7   deprived Plaintiffs of particular rights under the United States Constitution.

8   In this case, Plaintiffs allege that all Defendants deprived them of their rights under the
9   Fourth Amendment to the U.S. Constitution when the officers searched Plaintiffs' home on
10  November 4, 2014, which Plaintiffs allege was unreasonable under the totality of the
11  circumstances.

12  Under the Fourth Amendment, a person has the right to be free from an unreasonable
13  search of his or her home.  In order to prove that Defendants deprived Plaintiffs of their Fourth
14  Amendment rights, Plaintiffs must prove the following additional elements by a preponderance of
15  the evidence:

16  1.      Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass searched Plaintiffs'
17  home;

18  2.      in conducting the search, Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass
19  acted intentionally; and

20  3.      the search was unreasonable.

21  A person acts "intentionally" when the person acts with a conscious objective to engage in
22  particular conduct.  Therefore, Plaintiffs must prove that Defendants intended to search the
23  Plaintiffs' home.

24  Under the U.S. Constitution, police officers normally need a search warrant to search a
25  home.  A person has a right to privacy is his or her own home.   A search warrant is one way that
26  courts make sure that police officers have a legitimate reason to enter a home.  A judge or
27  magistrate judge reviews an application for a search warrant and signs the search warrant only if
28  certain standards are met.

United States District Court
Northern District of California

1   However, the right to privacy in one's home is not absolute.  In addition, the expectation of

2   privacy in one's home may be higher or lower in certain circumstances.  There are exceptions to

3   the requirement for a search warrant.

4   Another exception pertains to consent.  Police officers may search a home without a

5   warrant if the person living in the home gives permission (consent) for the search.  If there are two

6   people living in the home and one gives consent but the other is physically present and refuses to

7   give consent, then there is no consent to enter and search the home.

8   Another exception pertains to probation.  When a person is placed on probation

9   (probationer), there are conditions.  One of those conditions might be that the probationer agrees

10   that law enforcement officers can search his or her home without a warrant (search condition).  If

11   there is such a search condition, that search condition alone does not give police officers the

12   automatic right to search but lowers the expectation of privacy that the probationer has in the

13   home.

14   Whether a search is reasonable under the U.S. Constitution is based on the "totality of the

15   circumstances."  Whether a search is reasonable is determined by assessing, on the one hand, the

16   degree to which is intrudes upon an individual's privacy, and, on the other hand, the degree to

17   which the search is necessary to promote a legitimate governmental interest.  As I said before, the

18   right to privacy in one's home is not absolute, and so the test is one of the "totality of

19   circumstances."  In determining whether the search in this case was unreasonable, you should

20   consider all of the circumstances or the totality of the circumstances, including:

21   (a)   Whether Edgar Perez was on probation with a search condition at the time of the

22   search and what the terms of the search condition were.

23   (b)   Whether Edgar Perez lived at Plaintiffs' home and whether the officers had a

24   reasonable belief that Edgar Perez lived at Plaintiffs' home.

25   (c)   Whether the probationer was (or was not) on probation for a violent felony.

26   Probationers on probation for lower level or non-violent offenses are recognized as

27   having a higher expectation of privacy than probationers on probation for a violent

28   felony.

(d)     Whether Plaintiffs knew about the search condition of Edgar Perez.

(e)     Whether the probation search is made without suspicion of a commission of a crime and the justification for the search.  If there is no suspicion of a commission of a crime, police officers have a weaker interest in performing probation searches than they have where, at the time they perform the search, officers suspect the probationer has committed a crime.  Conversely, if there is suspicion of a commission of a crime, police officers have a stronger interest in performing probation searches.

(f)     Whether the police officers were investigating Edgar Perez for violating the other terms of his probation.

(g)     Whether the Plaintiffs consented to the search.

(h)     Whether the police officers knocked and announced their entry and whether they gave sufficient time for the Plaintiffs to respond.

(i)     Whether exigent circumstances existed at the time of the search.

(j)     The scope of the search, including the areas the police officers searched.  Where a home is shared by an individual who is not on probation, officers can search common areas of the shared home if the search otherwise is reasonable.  However, as to a particular area or item that is not clearly a common space, officers must have a reasonable suspicion that the area or item is owned, possessed or within the control of the probationer, in order for it to fall within the permissible bounds of a probation search.

(k)     The manner of the search, including the level of force used (or not used).

(l)     The length of time for the search.

(m)     The police officers' prior contacts with and specific knowledge of the probationer and his potential for cooperation or violence.

(n)     Detention of the Plaintiffs during the search.  Law enforcement officers may constitutionally detain the occupants of a home during a probation compliance search under reasonable circumstances.  The reasonableness of that detention

17

1    depends on factors such as the articulable and reasonable suspicion of the

2    occupants, whether force was used to detain the occupants, whether a gun was used

3    to detain the occupants, the length of the detention, the private or public nature of

4    the detention such that the occupant was or was not publicly humiliated, the need to

5    preserve the officers' safety, and whether officers prevented the occupants from

6    tending to personal needs such as using the restroom or answering the telephone.

1
2
3
4
5

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED**
**ON UNLAWFUL OFFICIAL POLICY, PRACTICE, OR CUSTOM – ELEMENTS AND**
**BURDEN OF PROOF**

6       In order to prevail on their § 1983 claim against defendant City of Rohnert Park alleging

7    liability based on an official policy, practice, or custom, Plaintiffs must prove each of the

8    following elements by a preponderance of the evidence:

9       1.      Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass acted under color of state

10   law;

11      2.       the act(s) of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass deprived

12   Plaintiffs of their particular rights under the United States Constitution as explained in earlier

13   instructions;

14      3.      Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass acted pursuant to an

15   expressly adopted official policy or a widespread or longstanding practice or custom of the

16   defendant City of Rohnert Park; and

17      4.      the defendant City of Rohnert Park's official policy or widespread or longstanding

18   practice or custom caused the deprivation of Plaintiffs' rights by Jacy Tatum, David Rodriguez,

19   and/or Matthew Snodgrass; that is, the City of Rohnert Park's official policy or widespread or

20   longstanding practice or custom is so closely related to the deprivation of Plaintiffs' rights as to be

21   the moving force that caused the ultimate injury.

22      The parties have stipulated that Jacy Tatum, David Rodriguez, and Matthew Snodgrass

23   acted under color of state law.

24      "Official policy" means a formal policy, such as a rule or regulation adopted by the

25   defendant City of Rohnert Park, resulting from a deliberate choice to follow a course of action

26   made from among various alternatives by the official or officials responsible for establishing final

27   policy with respect to the subject matter in question.

28      "Practice or custom" means any longstanding, widespread, or well-settled practice or

United States District Court
Northern District of California

custom that constitutes a standard operating procedure of the defendant City of Rohnert Park.

If you find that Plaintiffs have proved each of these elements, your verdict should be for Plaintiffs.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant City of Rohnert Park.

United States District Court
Northern District of California

United States District Court
Northern District of California

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against defendant City of Rohnert Park alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass acted under color of state law;

2.      the acts of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass deprived Plaintiffs of their particular rights under the United States Constitution-as explained in later instructions;

3.      Chief Brian Masterson acted under color of state law;

4.      Chief Brian Masterson had final policymaking authority from defendant City of Rohnert Park concerning the acts of Jacy Tatum, David Rodriguez, and Matthew Snodgrass; and

5.      Chief Brian Masterson ratified Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass's acts, that is, Chief Brian Masterson knew of and specifically made a deliberate choice to approve Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass's acts and the basis for it.

The parties have stipulated that the defendant's official (Chief Brian Masterson) and the officer Defendants acted under color of state law.

I instruct you that Chief Brian Masterson had final policymaking authority from defendant City of Rohnert Park concerning the acts at issue and, therefore, the fourth element requires no proof.

If you find that Plaintiffs have proved each of these elements, your verdict should be for Plaintiffs.  If, on the other hand, Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant City of Rohnert Park.

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON A POLICY THAT FAILS TO PREVENT VIOLATIONS OF LAW OR A POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against defendant City of Rohnert Park alleging liability based on a policy of a failure to train its police officers, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      the acts of City of Rohnert Park's police officers deprived Plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

2.      City of Rohnert Park's police officers acted under color of state law;

3.      the training of the defendant City of Rohnert Park was not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.      the defendant City of Rohnert Park was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.      the failure of the defendant City of Rohnert Park to provide adequate training caused the deprivation of the Plaintiffs' rights by the City of Rohnert Park's police officers; that is, the defendant's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

The parties have stipulated that City of Rohnert Park's police officers acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  Plaintiffs may prove deliberate indifference in this case by showing that the defendant City of Rohnert Park knew its failure to train adequately made it highly predictable that its police officers would engage in conduct that would deprive persons such as Plaintiffs of their

rights.

If you find that Plaintiffs have proved each of these elements, your verdict should be for Plaintiffs.  If, on the other hand, Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant City of Rohnert Park.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## SEARCH PERFORMED FOR PURPOSES OF HARASSMENT

If you find that the primary purpose of Jacy Tatum, David Rodriguez, and Matthew Snodgrass for the probation search of Plaintiffs' home was to harass, then the search was performed in violation of Plaintiffs' rights under the Fourth Amendment to the U.S. Constitution. However, you cannot hold the City of Rohnert Park liable for a violation of Plaintiffs' rights under the Fourth Amendment based on this reason.

**STATE LAW CLAIMS**

Plaintiffs also bring state law claims, including the following: (1) a claim for an unreasonable search under the California Constitution, (2) a claim for invasion of privacy under the California Constitution, and (3) a claim for negligence.

Plaintiffs' claim for an unreasonable search under the California Constitution is different from their federal claim for an unreasonable search described above.  I will now instruct you on the law applicable to Plaintiffs' claims for an unreasonable search under the California Constitution, for invasion of privacy under the California Constitution, and negligence.

## PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES
### (California Constitution, Article 1, Section 13)

In California, probationers may validly consent in advance to warrantless searches in exchange for the opportunity to avoid service of a state prison term. This consent is called a waiver.

Pursuant to a probationer's sentence, a probationer is given search conditions. A search condition is designed to deter further offenses by the probationer and to ascertain compliance with the terms of probation. No suspicion of criminal activity is required.

The warrantless search of a probationer's home need not necessarily be initiated, conducted, or even supervised by a probation officer to qualify as a probation search.

If the search condition allows a search of a home, police officers may search all portions of the home where the probationer has the mutual use of the property, generally having joint access or control for most purposes, or police officers generally may only search those portions of the home they reasonably believe the probationer has complete or joint control over.

If the search condition allows a search of a home, police officers may constitutionally detain the occupants of the home during a probation compliance search under reasonable circumstances.  The reasonableness of that detention depends on factors such as the articulable and reasonable suspicion of the occupants, whether force was used to detain the occupants, whether a gun was used to detain the occupants, the length of the detention, the private or public nature of the detention such that the occupant was or was not publicly humiliated, the need to preserve the officers' safety, and whether officers prevented the occupants from tending to personal needs such as using the restroom or answering the telephone.

If the terms and conditions of the search condition support a search of a home, pursuant to "knock and announce," an officer may enter a house *after* notice of his authority and purpose is given and he is refused admittance.  Once knock and announce has been accomplished at one point, no other knock and announce is required; it is only required at a singular entry point, not every point.

26

1    A waiver of California Constitution Article 1, § 13 as a condition of probation does not

2 permit searches undertaken for harassment or searches for arbitrary or capricious reasons.

**INVASION OF PRIVACY**

**(California Constitution, Article 1, Section 1)**

Plaintiffs claim that Jacy Tatum, David Rodriguez, and Matthew Snodgrass violated their rights to privacy.  To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs had a reasonable expectation of privacy in their home;

2. That Jacy Tatum, David Rodriguez, and Matthew Snodgrass intentionally intruded in Plaintiffs' home;

3. That Jacy Tatum, David Rodriguez, and Matthew Snodgrass's intrusion would be highly offensive to a reasonable person;

4. That Plaintiffs were harmed; and

5. That Jacy Tatum, David Rodriguez, and Matthew Snodgrass's conduct was a substantial factor in causing harm to Plaintiffs.

In deciding whether Plaintiffs had a reasonable expectation of privacy in their home, you should consider, among other factors, the following:

(a) The identities of Jacy Tatum, David Rodriguez, and Matthew Snodgrass;

(b) The extent to which other persons had access to Plaintiffs' home and could see or hear Plaintiffs; and

(c) The means by which the intrusion occurred.

In deciding whether an intrusion is highly offensive to a reasonable person, you should consider, among other factors, the following:

(a) The extent of the intrusion;

(b) The motives and goals of Jacy Tatum, David Rodriguez, and Matthew Snodgrass; and

(c) The setting in which the intrusion occurred.

# NEGLIGENCE

Plaintiffs claim that they were harmed by negligence of Jacy Tatum, David Rodriguez, and Matthew Snodgrass.  To establish this claim, Plaintiffs must prove all of the following:

1.      That Jacy Tatum, David Rodriguez, or Matthew Snodgrass were negligent;

2.      That Plaintiffs were harmed; and

3.      That the negligence of Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass was a substantial factor in causing Plaintiffs' harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

A person's negligence may combine with another factor to cause harm.  If you find that Jacy Tatum, David Rodriguez, and/or Matthew Snodgrass's negligence was a substantial factor in causing Plaintiffs' harm, then that defendant is responsible for the harm.  The defendant cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Plaintiffs' harm.

1

2                     **STANDARD OF CARE FOR NEGLIGENCE**

3

4          A police officer is negligent if he fails to use the skill and care that a reasonably careful

5   police officer would have used in similar circumstances.  This level of skill, knowledge, and care

6   is sometimes referred to as "the standard of care."

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                      **DAMAGES – PROOF**

3

4          It is the duty of the Court to instruct you about the measure of damages.  By instructing

5   you on damages, the Court does not mean to suggest for which party your verdict should be

6   rendered.

7          If you find for Plaintiffs on their federal and state law claims, you must determine

8   Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the

9   evidence.  Damages means the amount of money that will reasonably and fairly compensate

10  Plaintiffs for any injury you find was caused by any Defendant. You should consider the

11  following:

12         The nature and extent of the injuries; and

13         The mental and emotional pain and suffering experienced and that with reasonable

14  probability will be experienced in the future.

15         It is for you to determine what damages, if any, have been proved.

16         Your award must be based upon evidence and not upon speculation, guesswork or

17  conjecture.

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## PUNITIVE DAMAGES – FEDERAL CLAIMS

If you find for Plaintiffs on their § 1983 claims, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed Plaintiffs oppressive or in reckless disregard of Plaintiffs' rights. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award Plaintiffs only nominal, and not compensatory, damages.

**NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find for Plaintiffs but you find that Plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications,

United States District Court
Northern District of California

35

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

1

2

**COMMUNICATION WITH COURT**

3

4          If it becomes necessary during your deliberations to communicate with me, you may send

5   a note through the Courtroom Deputy Clerk, signed by your presiding juror or by one or more

6   members of the jury.  No member of the jury should ever attempt to communicate with me except

7   by a signed writing; I will communicate with any member of the jury on anything concerning the

8   case only in writing, or here in open court.  If you send out a question, I will consult with the

9   parties before answering it, which may take some time.  You may continue your deliberations

10  while waiting for the answer to any question.  Remember that you are not to tell anyone—

11  including me—how the jury stands, numerically or otherwise, until after you have reached a

12  unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the

13  court.

United States District Court
Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## RETURN OF VERDICT

3          A verdict form has been prepared for you.  After you have reached unanimous agreement

4   on a verdict, your presiding juror or foreperson should complete the verdict form according to

5   your deliberations, sign and date it, and advise the clerk that you are ready to return to the

6   courtroom.

7          **IT IS SO ORDERED**.

8   Dated: October 26, 2018

9                                                

10                                               _____

11                                               SALLIE KIM
                                                 United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28